■ In the Matter of CHARLES J. SPIEGEL, JR., Appellant, v RACHEL L. SMITH, Respondent. [623 NYS2d 149] —In a child support proceeding pursuant to Family Court Act article 4, the petitioner father appeals from an order of the Family Court, Westchester County (Cooney, J.), entered July 7, 1993, which granted the mother's objections and vacated an order of the same court (Hochberg, H.E.), entered July 13, 1992, which, after a hearing, directed the mother, *inter alia,* to pay weekly child support in the sum of $95.50.

Ordered that the order entered July 7, 1993, is affirmed, without costs or disbursements.

Pursuant to an agreement between the parties, an order of the Family Court, Westchester County, dated April 11, 1991, provided that the father would have sole custody of the parties' daughter and would be fully responsible for her support. Approximately one year later, the father commenced this proceeding seeking child support from the mother, who had previously transferred her interest in certain real property to the father in consideration for his agreement to support their daughter.

The Family Court properly concluded that the father failed to demonstrate either an unanticipated and unreasonable change of circumstances *(see, Matter of Boden v Boden,* 42 NY2d 210) or that the child's needs could not be adequately met without support from the mother *(see, Matter of Brescia v Fitts,* 56 NY2d 132; *Matter of Michaels v Michaels,* 56 NY2d

924; *Matter of Panic v Hert,* 200 AD2d 748). Consequently, he was not entitled to a new order of support.

The father's contention that the objections to the order of the Hearing Examiner were not timely filed with the Family Court is raised for the first time on appeal and, therefore, is not preserved for appellate review *(see, Matter of Joan Marie D. v Harold G.,* 155 AD2d 457; *Block v Magee,* 146 AD2d 730). In any event, the order of the Family Court indicates that the objections were timely filed and there is no proof to the contrary. Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.