■ In the Matter of KAREN FALLON, Respondent, v KIERAN FALLON, Appellant. [728 NYS2d 725] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (McElligott, J.), dated February 15, 2000, which, in effect, confirmed a determination of the same court (Lynaugh, H.E.), dated February 14, 2000, finding that he willfully failed to obey an order of the same court, dated April 15, 1998, and thereupon committed him to a term of incarceration of four months unless he purged himself of his contempt by paying the sum of $7,000 toward his child support arrears.

Ordered that the order is affirmed, without costs or disbursements.

The proof before the Hearing Examiner concerning the father's failure to pay court-ordered child support constituted prima facie evidence of his willful violation of the prior support order (*see,* Family Ct Act § 454 [3] [a]; *York v York,* 250 AD2d 838; *Wilkinson v Wilkinson,* 232 AD2d 572). The burden then shifted to the father "to offer some competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers,* 86 NY2d 63, 69-70). The Hearing Examiner properly rejected the father's claims of unemployment and impoverishment, since he failed to demonstrate that he had made reasonable efforts to obtain gainful employment to meet his child support obligations (*see, Dorner v McCarroll,* 271 AD2d 530; *Bouchard v Bouchard,* 263 AD2d 775; *Walsh v Walsh,* 227 AD2d 497), and was evasive concerning how he met his own expenses and purchased a mobile home while owing significant child support arrears (*see, Mazzilli v Mazzilli,* 248 AD2d 474). Thus, the Family Court properly found that the father willfully violated the prior support order.

The father's contention that the Hearing Examiner was predisposed to find in the mother's favor is unpreserved for appellate review (*see, Stone v Stone,* 236 AD2d 615; *Spiegel v Smith,* 212 AD2d 717). In any event, the contention is without merit (*see, Orzechowski v Orzechowski,* 206 AD2d 535; *Zirkind v Zirkind,* 218 AD2d 745). O'Brien, J. P., Krausman, Smith and Adams, JJ., concur.