(November 21, 2002)

■ In the Matter of DIANE FRANCE, as Child Support Enforcement Coordinator of the Schoharie County Support Collection Unit, on Behalf of CATHERINE A. ROACH, Respondent, v TERRY L. BUCK, Appellant. (And Another Related Proceeding.) [749 NYS2d 746] —Mercure, J.P. Appeal from an order of the Family Court of Schoharie County (Bartlett III, J.), entered June 1, 2001, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.

Petitioner filed separate petitions alleging that respondent failed to comply with two 1995 orders directing him to pay child support. Following a hearing conducted on June 1, 2001, at which respondent acknowledged his failure to make the support payments at issue, Family Court found that respondent had willfully violated both support orders and ordered that he be detained in jail for 180 days or until the arrears were repaid. Respondent appeals.

Initially, we note that this appeal is not moot. Although we conclude, based upon the imposition of the 180-day jail term on June 1, 2001, that respondent's term has expired, an appeal from a finding of civil contempt for failure to pay court-ordered child support "is not rendered moot simply because the resulting prison sentence has already been served" (*Matter of Bickwid v Deutsch*, 87 NY2d 862, 863; *see Matter of Reed v Reed*, 240 AD2d 951, 952; *see also Matter of Stampfler v Snow*, 290 AD2d 595, 596). Turning to the merits of respondent's appeal, we agree that Family Court improperly admitted Support Collection Unit records documenting respondent's child support

arrears because those records were not certified as required by CPLR 4518 (f). However, in view of respondent's admission that he had failed to make the required child support payments, we find that this error was harmless (*see People v Crimmins*, 36 NY2d 230, 239-242). As for respondent's claim of ineffective assistance due, in part, to assigned counsel's failure to object to admission of this evidence, upon our review of the record we find that respondent's counsel did not provide less than meaningful representation (*see People v Benevento*, 91 NY2d 708, 712-713; *People v Baldi*, 54 NY2d 137, 146-147; *Matter of De Vivo v Burrell*, 101 AD2d 607, 608).

Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, without costs.