■ In the Matter of SHARON D. ROTHFUSS, Respondent, v SAMUEL A. THOMAS, Appellant. [775 NYS2d 657]—

Appeal from an order of the Family Court, Wayne County (Dennis M. Kehoe, J.), entered February 7, 2003. The order denied the objections of respondent to the order of the Hearing Examiner reducing his support obligation, finding that he willfully violated a prior order and ordering him to pay arrears.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent contends that Family Court erred in denying his objections to the order of the Hearing Examiner wherein the Hearing Examiner reduced his support obligation to $25 per month, found that he willfully violated the prior order of support and ordered him to pay arrears in the sum of $37,125. We reject the contention of respondent that the child support obligation of $25 per month is unjust and inappropriate. Family Ct Act § 413 (1) (d) provides that, if the amount of

child support required by the Child Support Standards Act (CSSA) would reduce the non-custodial parent's income to below the poverty level, the basic child support obligation is $25 per month "or the difference between the non-custodial parent's income and the self-support reserve, whichever is greater." Here, the court determined that respondent's current income was below the poverty level and properly ordered respondent to pay $25 per month. Respondent failed to present evidence that "application of the [CSSA] would be unjust or inappropriate" and thus failed to rebut the presumption that the amount of support pursuant to the CSSA is reasonable (*Matter of Steuben County Dept. of Social Servs. v James*, 171 AD2d 1023, 1023 [1991]).

Also contrary to the contention of respondent, the record establishes that his failure to pay child support was willful. Petitioner presented evidence establishing respondent's failure to pay child support as ordered and thereby presented "prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]; *see Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). The record establishes that respondent has failed to make a single child support payment since 1985, when the parties were divorced. Respondent had a pattern of moving and was difficult to locate. Although his children received derivative Social Security disability benefits at times, respondent did not pay child support during the periods in which he was employed. Respondent failed to rebut petitioner's prima facie evidence of a willful violation (*see Powers*, 86 NY2d at 69-70). Finally, upon our review of the record, we conclude that respondent received effective assistance of counsel (*see Matter of Amanda L.*, 302 AD2d 1004 [2003]; *Matter of Wright v Lyons*, 288 AD2d 481, 482 [2001]). Present—Pigott, Jr., P.J., Green, Wisner, Scudder and Gorski, JJ.