■ In the Matter of Darlene Hold, Respondent, v William Hold, Appellant. [777 NYS2d 691]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an amended order of the Family Court, Kings County (Weinstein, J.), dated April 8, 2003, as confirmed a determination of the same court (Mayeri, H.E.), dated January 16, 2003, after a hearing, finding that he willfully failed to obey the child support order contained in the parties' judgment of divorce dated May 18, 2000, and thereupon held him in civil contempt.

Ordered that the amended order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the father's appeal has not been rendered academic by his alleged payment of child support arrears "[i]nasmuch as enduring consequences potentially flow from [the] order adjudicating [him] in civil contempt" (Matter of Bickwid v Deutsch, 87 NY2d 862, 863 [1995]; see Brill v Brill, 288 AD2d 335 [2001]; Matter of Stone v Stone, 236 AD2d 615 [1997]).

The Family Court correctly confirmed the hearing examiner's determination that the father willfully violated a child support

order. The evidence of the father's failure to pay child support as ordered constituted "prima facie evidence of a willful violation" of the child support order contained in the parties' judgment of divorce (Family Ct Act § 454 [3] [a]; *see Matter of Powers v Powers,* 86 NY2d 63, 69 [1995]; *Matter of Johnson v Johnson,* 1 AD3d 599 [2003]; *Matter of Sapp v Taylor,* 298 AD2d 590, 591-592 [2002]). The burden then shifted to the father to rebut the prima facie evidence by offering some competent, credible evidence of his inability to make the required payments (*see Matter of Powers v Powers, supra* at 69-70; *Matter of Johnson v Johnson, supra*). The father failed to demonstrate that he was financially unable to satisfy his obligation during the time it accrued (*see Matter of Powers v Powers, supra* at 70; *Matter of Richards v Bailey,* 296 AD2d 412 [2002]; *Matter of Commissioner of Social Servs. [Edwards] v Rosen,* 289 AD2d 487 [2001]; *Matter of Jaffe v Jaffe,* 248 AD2d 471 [1998]). Ritter, J.P., Townes, Mastro and Skelos, JJ., concur.