In the Matter of WANDA MOORE, Respondent, v RICHARD R. BLANK, Appellant. [778 NYS2d 370]—

Appeal from an order of the Family Court, Ontario County (James R. Harvey, J.), entered April 8, 2003. The order denied the objections of respondent to an order of the Hearing Examiner finding him in willful violation of a child support order and committing him to jail for a term of six months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order denying his

objections to an order of the Hearing Examiner finding him in willful violation of a child support order and committing him to jail for a term of six months. As a preliminary matter, we note that the appeal is not moot merely because respondent has served his sentence (*see Matter of Bickwid v Deutsch*, 87 NY2d 862, 863 [1995]; *Matter of France v Buck*, 299 AD2d 716 [2002]; *Michael N.G. v Elsa R.*, 233 AD2d 264, 265 [1996]). Because respondent failed to object to the Hearing Examiner's consideration of petitioner's certified calculation, any evidentiary error concerning that submission is not preserved for our review (*see Matter of Rush v Rush*, 201 AD2d 836, 837 [1994]; *Matter of Vetrano v Calvey*, 102 AD2d 932, 933 [1984]; *see generally Mashley v Kerr*, 47 NY2d 892, 893 [1979]; *Stiglianese v Vallone*, 255 AD2d 167 [1998]). The certified calculation was sufficient to establish petitioner's prima facie case of a willful violation (*see generally Matter of Powers v Powers*, 86 NY2d 63, 68-69 [1995]). Contrary to respondent's contention, Family Court did not err in confirming the Hearing Examiner's finding of a willful violation. The Hearing Examiner was in the best position to evaluate respondent's credibility (*see Matter of Hurd v Hurd*, 303 AD2d 928 [2003]), and we conclude that the record supports the Hearing Examiner's determination that respondent failed to meet his burden of establishing that he made "reasonable efforts to obtain gainful employment to meet his child support obligations" (*Matter of Fallon v Fallon*, 286 AD2d 389, 389 [2001]; *see Matter of Bouchard v Bouchard*, 263 AD2d 775, 777 [1999]; *see generally Powers*, 86 NY2d at 69-70). Finally, we conclude that respondent received meaningful representation (*see Matter of Leslie v Rodriguez*, 303 AD2d 1016, 1017 [2003]; *Matter of Amanda L.*, 302 AD2d 1004 [2003]; *see generally People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Lawton, JJ.