■ In the Matter of KATHERINE POWERS, Respondent, v JAMES HORNER, Appellant. [785 NYS2d 117]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Hunt, J.), dated October 9, 2003, which, upon an order of the same court also dated October 9, 2003 (Contaratos, S.M.), finding that he willfully violated an order of support of the same court (Contaratos, S.M.), dated October 30, 2002, in effect, adjudicated him in contempt and committed him to the New York City Department of Corrections for a term of incarceration of six months, unless he purged himself of his contempt by paying the sum of $150,000 towards arrears of child support.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court correctly determined that the father willfully violated the order of support. The father's concession at the commencement of the hearing that he did not fully comply with the order of support constituted prima facie evidence of a willful violation (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Giordano v Giordano, 259 AD2d 701 [1999]). The burden then shifted to the father to rebut the prima facie evidence by offering some competent, credible evidence of his inability to make the required payments (see Matter of Powers v Powers, supra at 69-70; Matter of Hold v Hold, 8 AD3d 279, 280 [2004]; Matter of Johnson v Johnson, 1 AD3d 599 [2003]). Since the father failed to present any credible evidence demonstrating the necessity for prioritizing the payment of certain expenses ahead of his child support obligation, he failed to rebut the prima facie evidence of a willful violation (see Matter of Department of Social Servs. [Children C.] v Richard C., 250 AD2d 766 [1998]).

Contrary to the father's contention, the issue of whether he willfully failed to comply with the order of support, which

resulted in a sentence of incarceration under Family Court Act § 454, did not require a trial by jury (see *United States ex rel. Griffin v Martin,* 409 F2d 1300, 1302 [1969]; *Matter of Ciaravino v Ciaravino,* 38 AD2d 722 [1972]).

The father's remaining contentions either are unpreserved for appellate review or without merit. H. Miller, J.P., Adams, Crane and Spolzino, JJ., concur.