In the Matter of DANIEL TRABER, Appellant, v JOANNE BAILEY, Respondent. [798 NYS2d 274]—

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered March 31, 2004 in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's objections to an order of the Support Magistrate that, inter alia, set respondent's basic child support obligation at $25 per week.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the objections in part and providing that respondent's child support obligation is $59 per week, or $3,068 per year, and respondent's share of "any uncovered health care expenses" is 39% and as modified the order is affirmed without costs.

Memorandum: Petitioner appeals from an order denying his objections to the order of the Support Magistrate, which required respondent to pay $25 per week in child support, set her pro rata share of "any uncovered health care expenses" (uninsured medical expenses) at 20%, and failed to require her to contribute to the cost of medical insurance for the parties' son. We agree with petitioner that the amount of weekly child support ordered by Family Court is erroneous. The record establishes that respondent's adjusted income for the year 2002 was $18,198. Respondent's basic child support obligation, i.e., 17% of that amount (see Family Ct Act § 413 [1] [b] [3] [i]), therefore is $58.99, rounded to $59 per week, or $3,068 per year. We note in addition that, with the payment of that amount of child support, respondent's income remains in excess of the statutory self-support reserve (see § 413 [1] [d]; cf. Matter of Rothfuss v Thomas, 6 AD3d 1145 [2004], lv denied 3 NY3d 603 [2004]). Thus, we modify the order accordingly.

We further modify the order with respect to respondent's share of uninsured medical expenses. The record establishes that petitioner's adjusted income for the year 2002 was $46,253.49 and, when compared to respondent's adjusted income of $18,198 for that year, respondent's share of uninsured medical expenses is 39%, not 20%. We conclude, however, that the court properly denied petitioner's objections with respect to the failure to require respondent to contribute to the cost of medical insurance for the parties' son. Petitioner was ordered to provide medical insurance "as available through employment," but the alleged expense attributable solely to his son is speculative and unsubstantiated by the record before us. Petitioner therefore failed to establish his entitlement to respondent's contribution thereto. Present—Pigott, Jr., P.J., Green, Gorski, Pine and Lawton, JJ.