■ In the Matter of DENISE E. NATALI, Appellant, v MICHEL A. NATALI, Respondent. [815 NYS2d 841]—

Appeal from an order of the Family Court, Jefferson County (Richard V. Hunt, J.), entered December 17, 2004 in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's objection to part of the order of the Support Magistrate.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of petitioner, Family Court properly denied her objection to that part of the order of the Support Magistrate adjudging that respondent's failure to pay child support was not willful. As the court properly determined, petitioner failed to comply with Family Court Act § 453 (b) by including in the summons the warnings required by that section, and the court therefore did not have jurisdiction to order the incarceration of respondent (cf. *Matter of Child Support Enforcement Unit v John M.*, 283 AD2d 40, 43 [2001]; *see generally Matter of Brunelle v Bibeau*, 18 AD3d 927, 928-929 [2005]). We agree with petitioner, however, that the failure to comply with Family Court Act § 453 (b) does not preclude a finding of willful noncompliance with an order of support, in which event petitioner would be entitled to seek an award of counsel fees pursuant to Family Court Act § 438 (b) (*see* Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 453, at 532). Indeed, we note that the notice requirements set forth in section 453 (b) do not encompass notice concerning the payment of counsel fees, and thus "[i]t cannot be reasonably asserted that the absence of a warning [concerning the payment of counsel fees] had any prejudicial effect on [respondent]" (*Matter of Nelson v Nationwide Measuring Serv.*, 59 AD2d 717, 718 [1977], *lv dismissed* 43 NY2d 649, 950 [1978]). Nevertheless, we conclude that petitioner is not entitled to an award of counsel fees based on respondent's alleged willful failure to obey an order of support pursuant to Family Court Act § 438 (b) inasmuch as she failed to establish that respondent "failed to pay support as ordered" (*Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). The Support Magis-

trate "was in the best position to evaluate respondent's credibility" (*Matter of Moore v Blank*, 8 AD3d 1090, 1091 [2004], *lv denied* 3 NY3d 606 [2004], citing *Matter of Hurd v Hurd*, 303 AD2d 928 [2003]), and we perceive no reason on the record before us to disturb the findings of the Support Magistrate. Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Smith and Green, JJ.