In the Matter of EDITH HUNT, Respondent, v WILLIAM HUNT, JR., Appellant. [815 NYS2d 866]—

Appeal from an order of the Family Court, Ontario County (Frederick G. Reed, J.), entered March 8, 2005 in a proceeding pursuant to Family Court Act article 4. The order, among other things, adjudged that respondent willfully violated a prior order of child support and sentenced respondent to a term of imprisonment of four months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order finding that he willfully violated a prior order of child support and sentencing him to four months in jail. The evidence before the Support Magistrate supports the finding that respondent willfully violated the order of support, and we thus conclude that Family Court properly confirmed that finding (*see Matter of Powers v Horner*, 12 AD3d 609 [2004]; *Matter of Hold v Hold*, 8 AD3d 279, 279-280 [2004]; *Matter of Rothfuss v Thomas*, 6 AD3d 1145, 1146 [2004], *lv denied* 3 NY3d 603 [2004]). There is a presumption that respondent has sufficient means to support his minor children (*see* Family Ct Act § 437; *Matter of Powers v Powers*, 86 NY2d 63, 68-69 [1995]), and the evidence that respondent failed to pay support as ordered constitutes "prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]). The burden then shifted to respondent to adduce "some competent, credible evidence of his inability to make the required payments" (*Powers*, 86 NY2d at 70; *see Matter of Cowan v Lott*, 307 AD2d 480, 480-481 [2003]; *Matter of Snyder v Snyder*, 277 AD2d 734 [2000]). Respondent failed to present evidence establishing that he made "reasonable efforts to obtain gainful employment to meet his child support obligations" and thus he failed to overcome the presumption of his ability to support his minor children (*Matter of Fallon v Fallon*, 286 AD2d 389, 389 [2001]; *see Matter of Moore v Blank*, 8 AD3d 1090, 1091 [2004], *lv denied* 3 NY3d 606 [2004]). Contrary to the further contention of respondent, there was no occasion for Family Court to take additional evidence before adjudicating respondent in contempt of court inasmuch as the issue of respondent's ability to pay child support had been referred to the Support Magistrate for a hearing and determination.

Respondent's cross petition for a reduction of arrears was properly denied (*see* Family Ct Act § 451; *Matter of Dox v Tynon*, 90 NY2d 166, 174 [1997]). In any event, the evidence presented at the hearing before the Support Magistrate belies respondent's contention that the parties' son had been emancipated. Finally, we conclude that respondent received effective assistance of counsel (*see Moore*, 8 AD3d at 1091; *Rothfuss*, 6 AD3d at 1146). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.