■ In the Matter of MICHELLE F.F., Respondent, v EDWARD J.F., JR., Appellant. [855 NYS2d 446]—

Order, Family Court, Bronx County (Sidney Gribetz, J.), entered on or about June 14, 2006, which adjudged respondent father in willful violation of a March 25, 1996 order, and committed him to the New York City Department of Correction for weekends between June 16 and December 16, 2006, unanimously affirmed, without costs. Order, same court and Judge, entered on or about August 2, 2006, which denied the father's objections to the May 8, 2006 order of the Support Magistrate, dismissing his petition for a downward modification of child support and adjustment of arrears, unanimously modified, on the facts, to grant the father's objections to the extent of decreasing arrears to $61,401, and otherwise affirmed, without costs.

Petitioner mother concedes that the amount of arrears fixed by the Support Magistrate ($79,286) erroneously included $17,885, which had previously been reduced to judgment in 1996. Accordingly, we reduce the amount of arrears to the extent indicated.

The mother proved that the father willfully failed to obey a lawful order requiring him to pay $140 per week in child support. The arrears in this case, as adjusted above, date back to September 1995, and while the father presented evidence of his

financial hardships after losing his job in May 2000, he presented no evidence that he paid child support in full for periods before May 2000, when he was working (*see Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Sheridan v Sheridan*, 70 AD2d 698 [1979], *lv dismissed* 48 NY2d 605 [1979]; Family Ct Act § 454).

The father contends that the part of Family Court Act § 454 (3) (a) that says, "failure to pay support, as ordered, shall constitute prima facie evidence of a willful violation" is unconstitutional because it shifts the burden of proof to the person who is in the position of a criminal defendant. We reach this argument even though the father's jail term has ended (*see Matter of Bickwid v Deutsch*, 87 NY2d 862, 863 [1995]; *Matter of Moore v Blank*, 8 AD3d 1090, 1091 [2004], *lv denied* 3 NY3d 606 [2004]), and where he failed to preserve the argument (*see Matter of Stagnar v Stagnar*, 98 AD2d 983, 984 [1983]). On the merits, the argument is unavailing, because the part of Family Court Act § 454 (3) (a) challenged by the father merely shifts the burden of going forward (*see Powers*, 86 NY2d at 69), and not the ultimate burden of proof (*see Matter of Porcelain v Porcelain*, 94 Misc 2d 891, 892-893 [1978]).

Contrary to the father's contention that he should not have been jailed because the mother did not show that he was capable of paying the amount in arrears, the subject order of commitment was not conditioned on the payment of arrears (*compare Matter of Nasser v Abraham*, 86 AD2d 973 [1982]).

Except as indicated above, Family Court providently exercised its discretion in denying the father's objections to the Support Magistrate's dismissal of his petition (*see Matter of Musumeci v Musumeci*, 295 AD2d 516 [2002]). While the father testified that he was unemployed during certain periods before and after the filing of his petition, "the determination to reduce support must be predicated on respondent's capacity to generate income, not on his current economic status" (*O'Brien v McCann*, 249 AD2d 92, 93 [1998]). The Support Magistrate was not obliged to accept the father's unsupported testimony that a medical condition prevented him from working full-time (*see Matter of Maria T. v Kwame A.*, 35 AD3d 239, 240 [2006]), and the mother was within her rights to object that the father's testimony about what a doctor concluded was hearsay (*see* Family Ct Act § 439 [d]). The Support Magistrate, who heard and saw the father, was in the best position to evaluate his credibility (*see e.g. Moore*, 8 AD3d at 1091; *Matter of Reed v Reed*, 240 AD2d 951, 952 [1997]), and evidently did not believe that he was diligently searching for new employment commensurate with his qualifica-

tions and experience, which was the father's burden to show inasmuch as his petition for downward modification was largely based on his loss of a job (*see Matter of Cox v Cox*, 20 AD3d 527, 528 [2005]).

While the father should have been allowed to question the mother about her income (*see e.g. Manno v Manno*, 224 AD2d 395, 398 [1996]), this error was harmless because the father failed to establish that he was entitled to a downward modification. The Support Magistrate providently exercised his authority to control the proceedings before him when he concluded that questions about the father's educational background were unnecessary in light of a prior court finding that the father was an educated man. Furthermore, the father waived his argument that the Support Magistrate should not have required receipts signed by the parties' eldest son (through whom the father allegedly made child support payments) before he would allow the son to testify because when the Magistrate made this ruling, the father's lawyer acquiesced. Since the Magistrate's refusal to permit the son to testify was not connected with the father's jail sentence, normal rules of preservation apply, and we decline to consider this unpreserved argument (*see e.g. Green v Green*, 288 AD2d 436, 437 [2001]; *Reed*, 240 AD2d at 952-953). Concur— Tom, J.P., Saxe, Nardelli and Williams, JJ.