■ In the Matter of LEWIS J. WHITE, III, Appellant, v BARBARA J. KNAPP, Respondent. [886 NYS2d 527]—Appeal from an order of the Family Court, Onondaga County (Bryan R. Hedges, J.), entered April 16, 2007 in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's objections to the order of the Support Magistrate.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father filed the underlying petition

seeking to recoup excess child support payments. After hearing from both the father and respondent mother, a Support Magistrate issued an order concluding that the father was owed $1,050.41 as excess child support payments. The father filed two objections to the Support Magistrate's order, contending that the Support Magistrate "did not allow all of the evidence to be presented showing considerable overpayment" and that the Support Magistrate disregarded prior orders vacating or terminating arrears. Family Court affirmed the order, determining that the father's first objection lacked the requisite specificity (see Family Ct Act § 439 [e]) and that the father's second objection had no merit.

Contrary to the father's contention, we agree with the court that the first objection lacked the requisite specificity inasmuch as it failed to identify any evidence that the Support Magistrate refused to allow (see id.; see generally Matter of Renee XX. v John ZZ., 51 AD3d 1090, 1092 [2008]). We likewise reject the further contention of the father that the Support Magistrate disregarded prior orders. Indeed, in his decision calculating the child support arrears, the Support Magistrate referred to the orders submitted by the father in support of his petition.

The father further contends that the Support Magistrate's findings are against the weight of the evidence and that the father is entitled to recoup sums that the Support Magistrate erroneously deemed to be arrears. Because the father failed to raise those contentions in his written objections to the Support Magistrate's order, those contentions are not properly preserved (see Family Ct Act § 439 [e]; Matter of Juneau v Morzillo, 56 AD3d 1082, 1086 [2008]; Renee XX., 51 AD3d at 1092). Present—Hurlbutt, J.P., Centra, Fahey, Pine and Gorski, JJ.