■ In the Matter of JAMES R. HOPKINS, JR., Respondent, v GINA F. GELIA, Appellant. [894 NYS2d 311]—

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered October 17, 2008 in a proceeding pursuant to Family Court Act article 4. The order, inter alia, found that respondent willfully violated a prior child support order.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order finding that she willfully violated a prior child support order and imposing a 30-day suspended sentence on the condition that she pay all future child support. We note at the outset that the record does not support the contention of the mother that she paid the child support arrears during the parties' final appearance before the court and thus that Family Court should have dismissed the petition as moot. In any event, even had she done so, the fact remains that the mother failed to pay child support for several months, in violation of the prior order.

Contrary to the further contention of the mother, the court properly confirmed the Support Magistrate's determination that

she was in willful violation of the prior child support order (*see* Family Ct Act § 439 [a]; *Matter of Hunt v Hunt,* 30 AD3d 1065 [2006]). Petitioner father presented prima facie evidence of a willful violation by establishing that the mother repeatedly failed to pay child support as ordered, and the mother failed to meet her burden of establishing her inability to make the required payments (*see Matter of Powers v Powers,* 86 NY2d 63, 68-70 [1995]; *Matter of Christine L.M. v Wlodek K.,* 45 AD3d 1452 [2007]). We perceive no basis to disturb the determination of the Support Magistrate that the substance abuse issues of the mother did not render her unable to make those payments (*see generally Matter of Natali v Natali,* 30 AD3d 1010, 1011-1012 [2006]), and the mother otherwise presented no evidence that she "was financially unable to satisfy [her] obligation during the time it accrued" (*Matter of Hold v Hold,* 8 AD3d 279, 280 [2004]). Moreover, the mother "presented no evidence that [she] made any efforts to obtain employment" to meet her child support obligation of $25 per month (*Matter of Todd v Johnson,* 66 AD3d 1480 [2009], *lv denied* 13 NY3d 716 [2010]; *see Hunt,* 30 AD3d 1065 [2006]). Present—Smith, J.P., Peradotto, Carni, Pine and Gorski, JJ.