In the Matter of CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JAMES C. WEISS, Respondent, v MARGARET O. STARK, Appellant. [903 NYS2d 287]—

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered January 29, 2009 in a proceeding pursuant to Family Court Act article 4. The order, among other things, committed respondent to the Cattaraugus County Jail for a term of six months.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the objection is granted, respondent's petition is granted and respondent's child support obligation is reduced to $25 per month effective October 28, 2008.

Memorandum: Petitioner commenced this proceeding on behalf of the father of the child at issue, alleging that respondent mother was in violation of a prior order directing her to pay child support in the amount of $167 per month and seeking relief pursuant to Family Court Act § 454. Family Court erred in finding the mother in willful violation of the prior child support order. Petitioner established that the mother failed to pay support, which constitutes "prima facie evidence of a willful violation" (§ 454 [3] [a]; *see Matter of Powers v Powers*, 86 NY2d 63, 68-69 [1995]). The mother, however, presented " 'competent, credible evidence of [her] inability to make the required payments' " (*Matter of Christine L.M. v Wlodek K.*, 45 AD3d 1452, 1452 [2007], quoting *Powers*, 86 NY2d at 70).

The court also erred in denying the objection of the mother to that part of the Support Magistrate's order continuing the prior child support order and in denying her petition seeking a downward modification of her support obligation. The mother established that she was unable to maintain steady employment and that her income was well below the poverty line, and thus her support obligation should have been reduced to the minimum level of $25 per month (*see* Family Ct Act § 413 [1] [d]; *Matter of Paige v Austin*, 27 AD3d 474 [2006]; *Matter of Simmons v Hyland*, 235 AD2d 67, 70-71 [1997]).

Finally, the mother contends that the court erred in failing to cap her unpaid child support arrears at $500 (*see* Family Ct Act § 413 [1] [g]). That contention is raised for the first time on appeal and thus is not preserved for our review (*see Creighton v Creighton*, 222 AD2d 740, 743 [1995]; *see also Matter of White v Knapp*, 66 AD3d 1358 [2009]). Present—Martoche, J.P., Fahey, Carni, Sconiers and Green, JJ.