# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**223**
**CAF 10-00965**
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF ERIE COUNTY DEPARTMENT OF
SOCIAL SERVICES, ON BEHALF OF ALICIA JENKINS,
PETITIONER-RESPONDENT,

V                                                      MEMORANDUM AND ORDER

MICHAEL P. SHAW, RESPONDENT-APPELLANT.

---

MINDY L. MARRANCA, BUFFALO, FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Erie County (Rosalie Bailey, J.), entered April 7, 2010 in a proceeding pursuant to Family Court Act article 4. The order committed respondent to the Erie County Jail for willful violation of a court order.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent father appeals from an order finding him in willful violation of a New Jersey child support order (hereafter, support order) and committing him to a term of 90 days in jail. The father's contention that he was not properly served with the notice of registration of the support order pursuant to Family Court Act § 580-605 (a) is not preserved for our review inasmuch as it is raised for the first time on appeal (*see generally Matter of Cattaraugus County Dept. of Social Servs. v Stark*, 75 AD3d 1098; *Matter of Ashley L.C.*, 68 AD3d 1742). In any event, the father's contention is not supported by the record inasmuch as he admitted at the willfulness hearing that he received the notice of registration (*see generally Matter of Ashley L.C.*, 68 AD3d 1742).

We reject the further contention of the father that Family Court erred in confirming the Support Magistrate's finding that he willfully violated the support order. The father's admission at the hearing that he had not paid child support as required by that order constituted prima facie evidence of a willful violation thereof, and thus the burden shifted to the father to present some competent and credible evidence justifying his failure to pay child support (*see Matter of Powers v Powers*, 86 NY2d 63, 68-69; *Matter of Lomanto v Schneider*, 78 AD3d 1536). We conclude that the father failed to meet that burden. The father's voluntary termination of his employment without any other employment prospects other than his general plan to develop real estate "amounts to a willful violation" of the child

support order (*Matter of Laeyt v Laeyt*, 256 AD2d 743, 744; *see Matter of Falk v Owen*, 29 AD3d 991; *Matter of Fogg v Stoll*, 26 AD3d 810).  In addition, we note that the father "presented no evidence that he was unable to find employment" (*Matter of Riggs v VanDusen*, 78 AD3d 1577, 1578; *see also Matter of Hopkins v Gelia*, 70 AD3d 1335).

The father contends that the court erred in failing to cap his unpaid child support arrears at $500 (*see* Family Ct Act § 413 [1] [g]).  That contention is raised for the first time on appeal and thus is not preserved for our review (*see Cattaraugus County Dept. of Social Servs.*, 75 AD3d 1098).  We reject the further contentions of the father that the court was biased against him (*see Matter of Amy L.W. v Brendan K.H.*, 37 AD3d 1060; *Matter of Angie M.P.*, 291 AD2d 932, *lv denied* 98 NY2d 602), and that he was deprived of his right to counsel at the support proceedings (*see Matter of Shea v Hoskins*, 12 AD3d 1191).

Entered:  February 10, 2011                     Patricia L. Morgan
                                                Clerk of the Court