# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1134**
**CAF 10-02107**
PRESENT: FAHEY, J.P., CARNI, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF NIAGARA COUNTY DEPARTMENT OF
SOCIAL SERVICES, ON BEHALF OF MEGHAN J. HUEBER,
FORMERLY KNOWN AS MEGHAN J. DOXEY,
PETITIONER-RESPONDENT,

V                                        MEMORANDUM AND ORDER

ROGER L. HUEBER, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

ROGER L. HUEBER, RESPONDENT-APPELLANT PRO SE.

---

Appeal from an order of the Family Court, Niagara County (John F. Batt, J.), entered September 22, 2010 in a proceeding pursuant to Family Court Act article 4. The order, among other things, denied in part respondent's written objections to an order of support issued by the Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent father appeals from an order denying in part his objections to the order of the Support Magistrate that, inter alia, imputed income to him based on the minimum wage for a period of over three years and ordered that he pay child support arrears for that period in the amount of $1,870.68. It is undisputed that the father was incarcerated for all but the last 4½ months of that time period.

Contrary to the father's contention, the Support Magistrate did not abuse her discretion by imputing income to the father for the period during which he was incarcerated for the purpose of calculating his child support obligation. To the extent that the father's financial hardship is the result of his own wrongful conduct, he is not entitled to a reduction of his obligation to pay child support (*see Matter of Grettler v Grettler*, 12 AD3d 602; *Matter of Winn v Baker*, 2 AD3d 1169; *see generally Matter of Knights v Knights*, 71 NY2d 865, 866-867). The father's further contention that the child support arrears should be reduced to $500 because his income was below the federal poverty income guidelines is not preserved for our review inasmuch as it is raised for the first time on appeal (*see generally Matter of Erie County Dept. of Social Servs. v Shaw*, 81 AD3d 1328; *Matter of White v Knapp*, 66 AD3d 1358). In any event, that contention is without merit because the father's income for the purpose of

calculating his child support obligation includes imputed income (*see* Family Ct Act § 413 [1] [b] [5] [iv], [v]), and thus the father's income is above the federal poverty income guidelines (*see generally* § 413 [1] [g]; *Matter of Julianska v Majewski*, 78 AD3d 1182).

The father's contention that Family Court exceeded its authority by imposing a schedule for the payment of child support arrears is also raised for the first time on appeal and thus is not preserved for our review (*see generally Shaw*, 81 AD3d 1328; *White*, 66 AD3d 1358). In any event, that contention is without merit because neither the order of the Support Magistrate nor that of the court imposed a schedule for the repayment of arrears.  The father further contends that the child support arrears should be reduced by $300 because the child's custodian did not receive public assistance for a six-month period during the relevant time frame.  We reject that contention. "The greatest deference should be given to the decision of the [Support Magistrate,] who is in the best position to assess the credibility of the witnesses and the evidence proffered" (*Matter of Manocchio v Manocchio*, 16 AD3d 1126, 1128 [internal quotation marks omitted]), and the evidence in the record supports the Support Magistrate's conclusion that the child received public assistance for the entire time period in question.

Contrary to the father's contention, "he did not provide competent medical evidence of [a] disability or establish that [an] alleged disability rendered him unable to work" (*Matter of Gray v Gray*, 52 AD3d 1287, 1288, *lv denied* 11 NY3d 706).  Indeed, "[t]he Support Magistrate was not obliged to accept the father's unsupported testimony that a medical condition prevented him from working" (*Matter of Michelle F.F. v Edward J.F.*, 50 AD3d 348, 349, *lv denied* 11 NY3d 708).  The father's further contention that a local ordinance limiting the locations where registered sex offenders may be employed has prevented him from finding employment was not raised in his written objections to the Support Magistrate's order and thus is not preserved for our review (*see White*, 66 AD3d 1358).

We have reviewed the father's remaining contentions and conclude that they are without merit.

Entered:  November 10, 2011                    Patricia L. Morgan
                                               Clerk of the Court