■ In the Matter of JOHN LEONARDO, Appellant, v ELAINA M. LEONARDO, Respondent. (Appeal No. 1.) [942 NYS2d 728]—

Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered August 30, 2010 in a

proceeding pursuant to Family Court Act article 4. The order, among other things, directed petitioner to pay the sum of $282 per week in child support.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father commenced this proceeding seeking a downward modification of his child support obligation based on a change in employment. In the amended petition, the father sought to vacate the prior order of support and to require respondent mother to pay him support because he had physical custody of the children for more time than the mother. Following a hearing, the Support Magistrate granted the father's amended petition in part by reducing his support obligation. Family Court denied the objections of the father to the Support Magistrate's order and modified that order by denying the amended petition in its entirety and increasing the father's support obligation.

The father contends that the Support Magistrate did not have jurisdiction to hear and determine this proceeding because the father alleged that he was now the custodial parent (see generally Family Ct Act § 439 [a]). We reject that contention. The Support Magistrate properly considered the current custodial arrangement in determining which parent was the custodial parent for purposes of child support (see Matter of Hunt v Bartley, 85 AD3d 1275, 1276-1277 [2011]; Matter of Moore v Shapiro, 30 AD3d 1054, 1055 [2006]). Contrary to the father's further contention, the court properly imputed income to him and denied his amended petition in its entirety. With respect to the father's allegation in the amended petition that he was entitled to a vacatur of the order of support or a downward modification of his support obligation on the ground that he was spending more time with the children, the Support Magistrate and the court properly determined that he remained the noncustodial parent for child support purposes (see generally Bast v Rossoff, 91 NY2d 723, 728-732 [1998]). With respect to the father's further allegation in the amended petition that he was entitled to a downward modification of his support obligation on the ground that he was no longer employed full time, that fact did not constitute the requisite change in circumstances because the father presented no evidence establishing that he diligently sought re-employment commensurate with his former employment (see Matter of Muselevichus v Muselevichus, 40 AD3d 997, 999 [2007]; see also Jelfo v Jelfo, 81 AD3d 1255, 1257 [2011]). The court therefore properly imputed income to the father because he failed to demonstrate that he

was unable to earn the same salary that he was earning at the time of the judgment of divorce (*see Matter of Monroe County Support Collection Unit v Wills*, 21 AD3d 1331, 1332 [2005], *lv denied* 6 NY3d 705 [2006]; *see also Filiaci v Filiaci*, 68 AD3d 1810, 1811 [2009]).

Finally, the father contends that he was denied effective assistance of counsel. The father did not have a right to counsel in this child support modification proceeding (*see* Family Ct Act § 262 [a]; *Matter of Commissioner of Social Servs. of City of N.Y. v Remy K.Y.*, 298 AD2d 261, 262 [2002]). The father's contention therefore may not be considered absent extraordinary circumstances, which are not present here (*see Lewis v Lewis*, 70 AD3d 1432, 1434 [2010]; *Matter of Ferrara v Ferrara*, 52 AD3d 599, 600 [2008], *lv denied* 11 NY3d 706 [2008]; *Matter of Cichosz v Cichosz*, 12 AD3d 598, 599 [2004]). Present—Centra, J.P., Peradotto, Sconiers and Martoche, JJ.