# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

759
CAF 11-01599
PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF MELVIN M. JELKS, III,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

KIM WRIGHT, RESPONDENT-APPELLANT.

---

VENZON LAW FIRM PC, BUFFALO (CATHARINE M. VENZON OF COUNSEL), FOR
RESPONDENT-APPELLANT.

MELVIN M. JELKS, III, PETITIONER-RESPONDENT PRO SE.

---------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Debra L.
Givens, A.J.), entered June 14, 2011 in a proceeding pursuant to
Family Court Act article 4.  The order, among other things, determined
that respondent willfully violated a child support order.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  By order entered June 14, 2011, Family Court
confirmed the determination of the Support Magistrate that respondent
had willfully violated a prior child support order and directed that
she be incarcerated if she did not pay certain arrears within two
weeks.  The court issued a further order, entered June 29, 2011, in
which the court concluded that respondent had paid the arrears and
imposed no further sanction.  Respondent appeals from the latter
order, but her sole contention, that the finding of a willful
violation of the order is not supported by the evidence, concerns the
order of June 14th.  Although the appeal properly lies from the first
order (*see Matter of Dakin v Dakin*, 75 AD3d 639, 639-640, *lv dismissed*
15 NY3d 905; *see generally Matter of Huard v Lugo*, 81 AD3d 1265, 1266,
*lv denied* 16 NY3d 710), respondent's notice of appeal recites that the
appeal is taken from the second order.  Nevertheless, in the absence
of any prejudice, we deem the notice of appeal to be taken from the
first order (*see generally Matter of Leach v Santiago*, 20 AD3d 715,
716 n 1, *lv denied* 6 NY3d 702, 844), and we address her contention.
We note in addition that the appeal is not moot merely because
respondent paid the arrears and no further sanction was imposed.
"[E]nduring consequences potentially flow from an order" determining
that an individual willfully failed to obey a prior order (*Matter of
Bickwid v Duetsch*, 87 NY2d 862, 863).  We conclude, however, that
respondent's contention lacks merit.  "There is a presumption that a
respondent has sufficient means to support his or her . . . minor

children . . ., and the evidence that respondent failed to pay support as ordered constitutes 'prima facie evidence of a willful violation' " (*Matter of Christine L.M. v Wlodek K.*, 45 AD3d 1452, 1452, quoting Family Ct Act § 454 [3] [a]).  Consequently, the evidence that respondent failed to pay support as set forth in the prior order to which she stipulated was sufficient to establish that she willfully violated that prior order, which shifted the burden to her to submit "some competent, credible evidence of [her] inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d 63, 70; *see Matter of Hunt v Hunt*, 30 AD3d 1065, 1065).  Respondent failed to present evidence establishing that she made reasonable efforts to obtain gainful employment to meet her support obligation, and she thus failed to meet that burden (*see Hunt*, 30 AD3d at 1065; *Matter of Fallon v Fallon*, 286 AD2d 389).

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court