# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**802**

**CAF 11-01829**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF THOMAS DENOTO,
PETITIONER-RESPONDENT,

V                                          MEMORANDUM AND ORDER

SARAH DENOTO, RESPONDENT-APPELLANT.

---

WILLIAM J. SEDOR, ROCHESTER, FOR RESPONDENT-APPELLANT.

--------------------------------------------------------------------------

Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered January 24, 2011 in a proceeding pursuant to Family Court Act article 4. The order denied and dismissed respondent's objections to an order of the Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father commenced this proceeding alleging that respondent mother owed, inter alia, $30,000 in arrears for child support. The arrears had been established by an order dated October 8, 2003 entered upon the consent of the parties, and were "held in abeyance until further proceedings." The mother sought, inter alia, to vacate the $30,000 in arrears on the ground that, at the time of the agreement, she was addicted to crack cocaine and was not competent to consent to the arrears. Following a hearing, the Support Magistrate ordered that the hold on the $30,000 arrears balance was to be removed. The mother now appeals from an order of Family Court that "denied and dismissed" her objections to the Support Magistrate's order.

The mother contends that the Support Magistrate did not have jurisdiction under the Family Court Act or the parties' judgment of divorce to award arrears. Lack of jurisdiction is a ground upon which an order may be vacated (*see* CPLR 5015 [a] [4]), and " 'a court's lack of subject matter jurisdiction may not be waived and may, in fact, be raised at any time' " (*Guideone Specialty Mut. Ins. Co. v State Ins. Fund*, 94 AD3d 700, ___; *see Green v State of New York*, 90 AD3d 1577, 1578, *lv dismissed in part and denied in part* 18 NY3d 901; *Matter of Hyatt Legal Servs.*, 97 AD2d 983). Nevertheless, we cannot review the mother's contention because the record is insufficient to enable us to do so (*see Matter of Kraemer v Kalish*, 11 AD3d 898, 899).

The mother further contends that the award of arrears is invalid and unenforceable because, inter alia, the consent order does not comply with Family Court Act § 413 (1) (h). We conclude that her

contention is without merit because section 413 (1) (h) is not applicable here, inasmuch as the mother seeks to vacate only that part of the order establishing arrears and not child support. The mother's additional contentions as to why the October 2003 order is invalid, unenforceable, and unconscionable are not properly before us because she raises those contentions for the first time on appeal (*see generally* CPLR 5015; *Matter of Chomik v Sypniak*, 70 AD3d 1336, 1336-1337).

Finally, to the extent that the mother preserved for our review her contention that the court erred in giving deference to the order of the Support Magistrate, we conclude that her contention lacks merit. Indeed, " '[t]he greatest deference should be given to the decision of the [Support Magistrate,] who is in the best position to assess the credibility of the witnesses and the evidence proffered' " (*Matter of Niagara County Dept. of Social Servs. v Hueber*, 89 AD3d 1433, 1434, *lv denied* 18 NY3d 805). Here, the court properly deferred to the Support Magistrate's findings of fact and credibility determinations.

Entered: June 15, 2012                                    Frances E. Cafarell
                                                          Clerk of the Court