# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**981**
**CAF 11-01391**
PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

IN THE MATTER OF COMMISSIONER OF SOCIAL
SERVICES, ON BEHALF OF PATRICIA FOSTER,
PETITIONER-RESPONDENT,

V                                  MEMORANDUM AND ORDER

WILLIE TURNER, RESPONDENT-APPELLANT.

---

ELIZABETH A. SAMMONS, WILLIAMSON, FOR RESPONDENT-APPELLANT.

DANIEL M. WYNER, COUNTY ATTORNEY, LYONS (CECILY G. MOLAK OF COUNSEL),
FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Wayne County (John B. Nesbitt, J.), entered April 25, 2011 in a proceeding pursuant to Family Court Act article 4. The order, among other things, denied respondent's objections to an order issued by the Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating that part suspending respondent's hunting and fishing licenses and as modified the order is affirmed without costs.

Memorandum: Respondent appeals from an order finding that he willfully violated a prior order of child support and, inter alia, suspending his hunting and fishing licenses until all arrears are paid in full. Contrary to respondent's contention, Family Court properly confirmed the finding of the Support Magistrate that respondent willfully violated the prior order of support (*see Matter of Hunt v Hunt*, 30 AD3d 1065, 1065; *Matter of Rothfuss v Thomas*, 6 AD3d 1145, 1146, *lv denied* 3 NY3d 603). There is a presumption that a respondent has sufficient means to support his or her spouse and minor children (*see* Family Ct Act § 437; *Matter of Powers v Powers*, 86 NY2d 63, 68-69), and evidence that respondent failed to pay support as ordered constitutes "prima facie evidence of a willful violation" (§ 454 [3] [a]). Here, petitioner introduced a calculation of the arrears owed by respondent (*see Matter of Moore v Blank*, 8 AD3d 1090, 1091, *lv denied* 3 NY3d 606), and thus the burden shifted to respondent to introduce "some competent, credible evidence of his inability to make the required payments" (*Powers*, 86 NY2d at 70). "Under the circumstances of this case and, contrary to [respondent's] contention, the evidence that he was receiving Social Security disability benefits did not, by itself, preclude the . . . [c]ourt from finding that he

was capable of working" (*Matter of Karagiannis v Karagiannis*, 73 AD3d 1064, 1066; *see also Matter of Bukovinsky v Bukovinsky*, 299 AD2d 786, 787-788, *lv dismissed* 100 NY2d 534).  Furthermore, we reject the contention of respondent that he was deprived of meaningful representation (*see Matter of Leslie v Rodriguez*, 303 AD2d 1016, 1017; *Matter of Amanda L.*, 302 AD2d 1004, 1004; *see generally People v Benevento*, 91 NY2d 708, 712-713; *People v Baldi*, 54 NY2d 137, 147).

Respondent also contends that the court erred in failing to cap his unpaid child support arrears at $500 and that his hunting and fishing licenses should not have been suspended because he receives supplemental security income (*see* Family Ct Act §§ 413 [1] [g]; 458-c [c] [i]).  Those contentions are raised for the first time on appeal and thus are not preserved for our review (*see Matter of Niagara County Dept. of Social Servs. v Hueber*, 89 AD3d 1433, 1433, *lv denied* 18 NY3d 805; *Matter of Erie County Dept. of Social Servs. v Shaw*, 81 AD3d 1328, 1329).  Respondent failed to produce any evidence concerning his income during the time that the arrears accrued, and we decline to exercise our power to review his contention that his arrears should be capped.  Nevertheless, we exercise our power to review his contention regarding his recreational licenses as a matter of discretion in the interest of justice.  Family Court Act § 458-c (a) permits the court to order the suspension of the recreational licenses of respondents who have at least four months of arrears, but the statute further states that its provisions "shall not apply to . . . respondents who are receiving . . . supplemental security income" (§ 458-c [c] [i]).  Petitioner does not dispute that respondent receives supplemental security income.  Therefore, in light of the mandatory language in the statute, we modify the order by vacating that part suspending respondent's hunting and fishing licenses.

Entered:  October 5, 2012                        Frances E. Cafarell
                                                 Clerk of the Court