# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1408**
**CAF 12-00155**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

IN THE MATTER OF ASHLEA KASPROWICZ,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KRISTOPHER OSGOOD, RESPONDENT-APPELLANT.
-----------------------------------------
IN THE MATTER OF KRISTOPHER OSGOOD,
PETITIONER-APPELLANT,

V

ASHLEA KASPROWICZ, RESPONDENT-RESPONDENT.

---

KATHLEEN P. REARDON, ROCHESTER, FOR RESPONDENT-APPELLANT AND
PETITIONER-APPELLANT.

CAROLYN KELLOGG JONAS, WELLSVILLE, FOR PETITIONER-RESPONDENT AND
RESPONDENT-RESPONDENT.

---

Appeal from an order of the Family Court, Allegany County
(Terrence M. Parker, J.), dated December 5, 2011 in a proceeding
pursuant to Family Court Act article 4. The order denied respondent-
petitioner's written objections to an order issued by the Support
Magistrate.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent-petitioner father appeals from an order
confirming the finding of the Support Magistrate that he willfully
violated an order of child support. We affirm (*see Matter of
Christine L.M. v Wlodek K.*, 45 AD3d 1452, 1452; *Matter of Hunt v Hunt*,
30 AD3d 1065, 1065). There is a presumption that a parent has
sufficient means to support his or her minor children (*see* Family Ct
Act § 437; *Matter of Powers v Powers*, 86 NY2d 63, 68-69; *Hunt*, 30 AD3d
at 1065), and the evidence that the father failed to pay support as
ordered constitutes "prima facie evidence of a willful violation" (§
454 [3] [a]). The burden then shifted to the father to present "some
competent, credible evidence of his inability to make the required
payments" (*Powers*, 86 NY2d at 70; *see Hunt*, 30 AD3d at 1065).
The Support Magistrate, who was in the best position to evaluate the
credibility of the witnesses (*see Matter of Natali v Natali*, 30 AD3d
1010, 1011-1012), determined that the father was not credible and did

not make reasonable efforts to obtain employment (*see Christine L.M.*, 45 AD3d at 1452-1453; *Hunt*, 30 AD3d at 1065), and "[g]reat deference should be given to the determination of the Support Magistrate" (*Matter of Yamonaco v Fey*, 91 AD3d 1322, 1323, *lv denied* 19 NY3d 803; *see Matter of Manocchio v Manocchio*, 16 AD3d 1126, 1128).  We note in any event that Family Court properly granted the relief sought in the violation petition based on the father's failure to submit a financial disclosure statement (*see* § 424-a [b]).  The father's contention that the court erred in failing to cap his unpaid child support arrears at $500 pursuant to Family Court Act § 413 (1) (g) "is raised for the first time on appeal and thus is not preserved for our review" (*Matter of Cattaraugus County Dept. of Social Servs. v Stark*, 75 AD3d 1098, 1098; *see Creighton v Creighton*, 222 AD2d 740, 743).

We likewise reject the contention of the father that the court erred in confirming the Support Magistrate's denial of his petition for a downward modification of his support obligation (*see Matter of Duerr v Cuenin*, 280 AD2d 903, 904).  The father failed to meet his burden of "establishing that he diligently sought re-employment commensurate with his former employment" (*Matter of Leonardo v Leonardo*, 94 AD3d 1452, 1453, *lv denied* 19 NY3d 807; *cf. Matter of Glinski v Glinski*, 199 AD2d 994, 994-995).  Furthermore, the Support Magistrate did not err in denying the father's petition without receiving financial disclosure statements (*cf. Matter of Malcolm v Trupiano*, 94 AD3d 1380, 1381; *Matter of Harvey v Benedict*, 83 AD3d 1402, 1402-1403) because the burden was on the father to demonstrate a substantial change in circumstances warranting a downward modification (*see Leonardo*, 94 AD3d at 1453; *Duerr*, 280 AD2d at 904).  We conclude that any alleged error by the Support Magistrate in relying on documents not in evidence in making its determination as to the father's credibility "is harmless because that [credibility] determination is supported by admissible evidence" (*Matter of Nathaniel W.*, 24 AD3d 1240, 1241, *lv denied* 6 NY3d 711).

Entered:  December 28, 2012                    Frances E. Cafarell
                                               Clerk of the Court