Matter of Bashir v Brunner (2019 NY Slip Op 00746)





Matter of Bashir v Brunner


2019 NY Slip Op 00746


Decided on February 1, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1084 CAF 18-00025

[*1]IN THE MATTER OF SHERIF H. BASHIR, PETITIONER-RESPONDENT,
v
CHRISTINE M. BRUNNER, RESPONDENT-APPELLANT. 






SHEILA SULLIVAN DICKINSON, CANANDAIGUA, FOR RESPONDENT-APPELLANT.


 Appeal from an order of the Family Court, Wayne County (Richard M. Healy, J.), entered November 13, 2017 in a proceeding pursuant to Family Court Act article 4. The order, among other things, denied respondent's objections to an order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the second objection and vacating the first ordering paragraph of the order of the Support Magistrate, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Wayne County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 4, respondent mother appeals from an order that, among other things, denied her objections to the order of the Support Magistrate, entered after a hearing, that reduced the amount of petitioner father's child support obligation. Contrary to the mother's contention, Family Court properly denied the mother's first objection to that part of the Support Magistrate's order finding that the mother lived rent-free. It is well settled that " deference should be given to the credibility determinations of the [s]upport [m]agistrate, who was in the best position to evaluate the credibility of the witnesses' " (Matter of DaVolio v DaVolio, 101 AD3d 1120, 1121 [2d Dept 2012]; see Matter of Kasprowicz v Osgood, 101 AD3d 1760, 1761 [4th Dept 2012], lv denied 20 NY3d 863 [2013]; Matter of DeNoto v DeNoto, 96 AD3d 1646, 1648 [4th Dept 2012]). Here, the Support Magistrate did not credit the mother's testimony that she paid rent when she was able to do so, and the court properly "deferred to the Support Magistrate's findings of fact and credibility determinations" with respect to that issue (DeNoto, 96 AD3d at 1648).
Contrary to the mother's further contention, the court properly denied her fourth objection to that part of the Support Magistrate's order imputing income to her as part of the determination whether to reduce the father's support obligation. It is well settled that "[t]he proper amount of support is not determined by a spouse's current economic situation but by a spouse's ability to provide" (Matter of Fries v Price-Yablin, 209 AD2d 1002, 1003 [4th Dept 1994]). Thus, a support magistrate "possess[es] considerable discretion to impute income in fashioning a child support award . . . [, and such an] imputation of income will not be disturbed so long as there is record support for [it]" (Matter of Muok v Muok, 138 AD3d 1458, 1459 [4th Dept 2016] [internal quotation marks omitted]). Here, the Support Magistrate imputed income to the mother based on the mother's termination of her employment. Although the mother testified that she was forced to leave her employment so that she could care for the children, whose child care costs she could no longer afford due to the father's temporary failure to pay child support, the Support Magistrate determined that the mother's testimony on that issue was not credible. We perceive "no reason on the record before us to disturb the findings of the Support Magistrate" (Matter of Natali v Natali, 30 AD3d 1010, 1012 [4th Dept 2006]).
We agree with the mother, however, that the court erred in denying her second objection to that part of the Support Magistrate's order that, in effect, distributed half of the parties' tax refund to the father by reducing his child support obligation by that amount. We have previously stated that "the jurisdiction of Family Court is generally limited to matters pertaining to child [*2]support and custody . . . , and tax deductions or exemptions are not an element of support" (Warner v Warner, 94 AD3d 1524, 1525 [4th Dept 2012] [internal quotation marks omitted]). "[T]he father's entitlement to claim the child[ren] as [] dependent[s] for income tax purposes is not an element of support set forth in Family Court Act article 4, and thus the court lacks jurisdiction" to distribute the parties' tax refund (Matter of John M.S. v Bonni L.R., 49 AD3d 1235, 1235 [4th Dept 2008]). Therefore, we modify the order by granting the second objection and vacating the first ordering paragraph of the order of the Support Magistrate, and we remit the matter to Family Court to recalculate the father's child support obligation without regard to the parties' income tax refund.
Entered: February 1, 2019
Mark W. Bennett
Clerk of the Court