# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1224**
**CAF 11-00707**
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF PHILEMON GREENE,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

SHEILA HANSON, RESPONDENT-RESPONDENT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR PETITIONER-APPELLANT.

---

Appeal from an order of the Family Court, Monroe County (Joan S. Kohout, J.), entered March 4, 2011 in a proceeding pursuant to Family Court Act article 4.  The order denied petitioner's objections to the order of the Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Petitioner father appeals from an order denying his objections to the order of the Support Magistrate, wherein the Support Magistrate found that the father had willfully violated a child support order and denied his petition seeking modification of that order. Family Court properly denied the father's objections.  There is a statutory presumption that the father had sufficient means to support his minor children (*see* Family Ct Act § 437; *Matter of Powers v Powers*, 86 NY2d 63, 68-69), and the father's failure to pay support as directed in the support order constitutes "prima facie evidence of a willful violation" (§ 454 [3] [a]).  The burden then shifted to the father to present "some competent, credible evidence of his inability to make the required payments" (*Powers*, 86 NY2d at 70).  The father did not meet that burden inasmuch as he "failed to present evidence establishing that he made reasonable efforts to obtain gainful employment to meet his . . . support obligations" (*Matter of Christine L. M. v Wlodek K.*, 45 AD3d 1452, 1452 [internal quotation marks omitted]).  Indeed, although the father testified that he has been a carpenter for 16 years, he did not testify that he made any efforts to obtain any carpentry work once he ceased to operate his construction company.  The father likewise failed to demonstrate a substantial change in circumstances that would justify a downward modification of his support obligation because he presented no "evidence establishing that he diligently sought re-employment commensurate with his former employment" (*Matter of Leonardo v Leonardo*,

94 AD3d 1452, 1453, *lv denied* 19 NY3d 807).