In the Matter of Oswego County Support Collection Unit, on Behalf of Jennifer Little, Respondent, v Brian M. Richards, Appellant. (Appeal No. 1.) [759 NYS2d 723] —Appeal from an order of Family Court, Oswego County (Roman, J.), entered June 3, 2002, which committed respondent to the Oswego County Correctional Facility for a term of 90 days, to be served on an intermittent basis.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of respondent, he was not denied his right to a hearing to present evidence that his failure to obey a support order was not willful. The record establishes that respondent was given proper notice of the hearing before the Hearing Examiner and failed to appear to present evidence, and thus "[j]urisdiction was properly vested in * * * Family Court" (*Matter of Louie v Ong*, 211 AD2d 495, 495 [1995]). Moreover, respondent failed to file written objections to the Hearing Examiner's order within the statutorily prescribed 30 days, thus waiving his right to appellate review of the finding of a willful violation (*see* Family Ct Act § 439 [e]; *see also Louie*, 211 AD2d 495 [1995]; *Matter of Werner v Werner*, 130 AD2d 754 [1987]). Contrary to the further contention of respondent, the court did not enter an order of commitment in violation of Family Ct Act § 453 (c); the order was not "entered upon the default in appearance by the respondent" at the hear-

ing before the Hearing Examiner (§ 453 [c]), but was entered after respondent appeared in court subsequent to that hearing (*see* § 453 [b]). We have examined respondent's remaining contentions and conclude that they are lacking in merit. Present—Green, J.P., Hurlbutt, Scudder, Burns and Hayes, JJ.