■ PAUL J. WIRTH et al., Appellants, v ELO, INC., et al., Respondents. [801 NYS2d 853]—

Appeal from an order of the Supreme Court, Livingston County (Gerard J. Alonzo, Jr., A.J.), entered November 12, 2004. The order, insofar as appealed from, denied plaintiffs' motion for partial summary judgment on liability and granted that part of defendants' cross motion for summary judgment dismissing the Labor Law § 240 (1) and § 241 (6) claims and the derivative cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the cross motion in part, reinstating the Labor Law § 240 (1) claim and the derivative cause of action and granting that part of the motion against defendant ELO, Inc. and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by Paul J. Wirth (plaintiff) when he fell from a makeshift scaffold that provided access to his work area. Supreme Court erred in denying that part of plaintiffs' motion for partial summary judgment on Labor Law § 240 (1) liability against defendant ELO, Inc. (ELO), the owner of the construction project, and in granting that part of defendants' cross motion seeking summary judgment dismissing the Labor Law § 240 (1) claim. We therefore modify the order accordingly. Plaintiffs met their initial burden on the motion with respect to ELO by establishing that plaintiff was engaged in a protected activity that entailed an elevation-related risk and that the makeshift scaffold was not "so constructed, placed and operated as to give proper protection" to plaintiff (§ 240 [1]; see *Dahl v Armor Bldg. Supply*, 280 AD2d 970, 970-971 [2001]; *Torino v KLM Constr.*, 257 AD2d 541, 542 [1999]). Defendants failed to raise a triable issue of fact whether the conduct of plaintiff was the sole proximate cause of his injuries (*see Dahl*, 280 AD2d at 971), and the court's conclusion that it was not foreseeable that plaintiff's work would require the use of any of the safety devices contemplated by Labor Law § 240 (1) is not supported by the record (*cf. Wells v British Am. Dev. Corp.*, 2 AD3d 1141, 1142-1143 [2003]).

We further conclude, however, that the court properly denied

that part of plaintiffs' motion against defendant Kircher Construction, Inc. (Kircher), the "construction manager," because plaintiffs' own proof raises triable issues of fact whether Kircher had sufficient authority over the construction project to be held liable for the statutory violation (*see Olney v Ciminelli-Cowper Co.*, 248 AD2d 1019 [1998]). Plaintiffs' contention that the court erred in granting that part of the cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim is raised for the first time in the reply brief and thus is not properly before us (*see Turner v Canale*, 15 AD3d 960, 961 [2005], *lv denied* 5 NY3d 702 [2005]). Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Lawton, JJ.