■ In the Matter of TODD R.W., Appellant, v GAIL A.W., Respondent. [833 NYS2d 335]—

Appeal from an order of the Family Court, Monroe County (Gail A. Donofrio, J.), entered December 22, 2005 in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's objections to the order of the Support Magistrate entered November 2, 2005.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly denied the objections of petitioner to the order of the Support Magistrate dismissing his petition seeking a downward modification of his child support obligation and granting that part of respondent's cross petition seeking judgment for child support arrears. The parties' separation/opting out agreement (Agreement), which was incorporated but not merged into the divorce judgment, establishes the amount of petitioner's child support payments and provides that "[t]here shall be no downward modification of the child support payments set forth in this Agreement so long as [petitioner's] income during the particular year in question is One Hundred Forty Thousand Dollars ($140,000.00) or more." The Support Magistrate properly concluded that petitioner did not meet his burden of establishing that his income fell below $140,000 during the years following his prior petition seeking a downward modification of his child support obligation. The Support Magistrate was not bound by the account provided by petitioner of his own finances (*see Matter of Dukes v White*, 295 AD2d 899, 900 [2002]; *Mellen v Mellen*, 260 AD2d 609 [1999]). Further, contrary to the contention of petitioner, the Support Magistrate properly utilized the definition of "income" in the Child Support Standards Act (Family Ct Act § 413 [1] [b] [5]), absent a more restrictive definition set forth in the Agreement (*cf. Matter of Kirdahy v Scalia*, 301 AD2d 525, 526 [2003]). The Support Magistrate was therefore entitled to impute income to petitioner from sources other than his business, including non-income producing assets (*see* Family Ct Act § 413 [1] [b] [5] [iv] [A]; *see also Matter of Freedman v Horike*, 26 AD3d 680, 682 [2006]), as well as substantial gifts provided to petitioner by his parents (*see* Family Ct Act § 413 [1] [b] [5] [iv] [D]; *Matter of Abellard v Aime*, 18 AD3d 653 [2005]; *Mellen*, 260 AD2d at 610). The challenge by petitioner to that part of the Support Magistrate's order granting in part respondent's cross petition, raised for the first time in his reply brief, is not properly before us (*see Wirth v ELO, Inc.*, 21 AD3d 1346, 1348 [2005]). We have considered petitioner's remaining contentions and conclude that none requires modification or

reversal of the order. Present—Scudder, P.J., Gorski, Centra, Green and Pine, JJ.