# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**36**

**CAF 09-02492**

PRESENT: SCUDDER, P.J., SMITH, LINDLEY, GREEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF SHANNON HUARD,
PETITIONER-RESPONDENT,

V                                                              MEMORANDUM AND ORDER

JOSE LUGO, RESPONDENT-APPELLANT.

---

CHARLES J. GREENBERG, BUFFALO, FOR RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered November 10, 2009 in a proceeding pursuant to Family Court Act article 4. The order confirmed the Support Magistrate's determination that respondent willfully failed to obey an order of support and sentenced respondent to 90 days in jail.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent father appeals from an order confirming the determination of the Support Magistrate that he willfully violated an order of child support and sentencing him to a term of incarceration of 90 days. The father contends that the Support Magistrate erred in allowing him to proceed pro se at the fact-finding hearing. We conclude that the father failed to preserve that contention for our review.

We note at the outset that the father did not file any objections to the Support Magistrate's order (*see generally* Family Ct Act § 439 [e]). In *Matter of Oswego County Support Collection Unit v Richards* (305 AD2d 1101, *lv denied* 100 NY2d 637), we determined that, because the respondent failed to file objections to the Hearing Examiner's order finding willfulness and recommending commitment pursuant to Family Court Act § 439 (former [e]), he "waiv[ed] his right to appellate review of the finding of a willful violation . . . ." Section 439 (e), however, was revised in 2004 by providing that a determination of willful violation of a support order where commitment is recommended does not constitute a final order (*see* L 2004, ch 336, § 3; Assembly Mem in Support, Bill Jacket, L 2004, ch 336, at 4-5). "A determination by a support magistrate that a person is in willful violation of a support order and recommending commitment has no force and effect until confirmed by a Judge of the Family Court . . . Such a determination by a support magistrate does not constitute a final order to which a party may file written objections" (*Matter of Dakin v Dakin*, 75 AD3d 639, 639-640, *lv dismissed* 15 NY3d 905; *see* § 439 [a],

[e]).  A party's "sole remedy" is to appeal from the final order of Family Court (*Dakin*, 75 AD3d at 640).  Thus, to the extent that *Matter of Oswego County Support Collection Unit v Richards* requires a party to file objections in order to preserve a contention regarding such a determination, it should no longer be followed.

We conclude, however, that the father failed to preserve his contention for our review under the "normal rules of preservation" because he failed to raise it before Family Court at the confirmation proceeding, where he was represented by counsel (*Matter of Michelle F.F. v Edward J.F.*, 50 AD3d 348, 350, *lv denied* 11 NY3d 708).  In any event, the father's contention lacks merit.

We reject the father's further contention that petitioner mother failed to present clear and convincing evidence that he willfully violated the support order.  In order to establish a willful violation of a support order, there must be "proof of both the ability to pay support and the failure to do so" (*Matter of Powers v Powers*, 86 NY2d 63, 68).  The father is presumed to have sufficient means to support his child (*see* Family Ct Act § 437), and his failure to pay support constitutes "prima facie evidence of a willful violation" (§ 454 [3] [a]; *see Powers*, 86 NY2d at 69).  "[P]roof that [the father] has failed to pay support as ordered alone establishes [the mother's] direct case of willful violation, shifting to [the father] the burden of going forward" (*Powers*, 86 NY2d at 69).  The record of the fact-finding hearing establishes that there was a court order requiring the father to pay child support, and the father conceded that he did not pay it.  The father testified, however, that he lacked the means to do so because he did not want to jeopardize his business or "get [into] any tax problems."  We thus conclude that the father failed to offer any "competent, credible evidence of his inability to make the required payments" (*id.* at 70; *see Matter of Seleznov v Pankratova*, 57 AD3d 679, 680-681).

Entered:  February 10, 2011                          Patricia L. Morgan
                                                     Clerk of the Court