# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

516

CAF 10-00838

PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF ALEX A.C.
------------------------------------------
CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL       MEMORANDUM AND ORDER
SERVICES, PETITIONER-RESPONDENT;

MARIA A.P., RESPONDENT-APPELLANT.

---

CARR SAGLIMBEN LLP, OLEAN (JAY D. CARR OF COUNSEL), FOR
RESPONDENT-APPELLANT.

STEPHEN J. RILEY, OLEAN, FOR PETITIONER-RESPONDENT.

GERALD M. DRISCOLL, ATTORNEY FOR THE CHILD, OLEAN, FOR ALEX A.C.

---

Appeal from an order of the Family Court, Cattaraugus County
(Michael L. Nenno, J.), entered March 4, 2010 in a proceeding pursuant
to Family Court Act article 10. The order, inter alia, found that
respondent violated an order of protection and committed her to six
months in jail.

It is hereby ORDERED that said appeal from the order insofar as
it concerns commitment to jail is unanimously dismissed and the order
is otherwise affirmed without costs.

Memorandum: Respondent mother appeals from an order finding that
she willfully violated an order of protection and committing her to a
jail term of six months. The commitment was stayed for a period of
one year on the condition that the mother not violate the order of
protection. We reject the mother's contention that Family Court
violated Family Court Act § 1041 (a) by making findings of fact with
respect to a violation petition that was not timely served.

In August 2009, petitioner filed a neglect petition alleging that
the subject child had been maltreated and was in danger of physical,
mental, and emotional harm due to the mother's drug use, involvement
in violent crime, and willingness to continue an abusive relationship
with the child's father. The court thereafter issued temporary orders
removing the child from the custody of the mother, requiring the
mother to stay away from the child, and ordering the mother to
prohibit any contact between the child and the father. At a hearing
in November 2009, petitioner offered to return custody of the child to
the mother provided that she have no contact with the father and that
she prohibit any contact between the child and the father. The mother
agreed to those conditions, and the court issued an order of

protection to that effect.  Five days later, petitioner sought to restore the matter to the calendar on the ground that the mother had violated the order of protection, and a hearing on the previously filed neglect petition ensued.  The mother was present and represented by counsel, and a police officer testified on behalf of petitioner that, on November 6, 2009, he stopped a vehicle containing the mother, the father, and the subject child.  During the pendency of the neglect proceedings, petitioner filed an amended neglect petition that reiterated the prior allegations and included the additional allegation that the mother, the father, and the child were together on November 6, 2009, in violation of the order of protection.  The same day, petitioner also filed a violation petition, alleging that the mother willfully violated the November 5, 2009 order of protection both by having contact with the father and by allowing the father to have contact with the child on November 6, 2009.  The mother was served with the violation petition when the hearing on the neglect petition resumed on November 23, 2009 and, at the conclusion of that hearing, which became in effect a combined neglect/violation hearing, the court found that the mother willfully violated the order of protection.  The record thus establishes that the mother had notice of petitioner's allegation that she violated the order of protection, that the mother was present during the neglect/violation hearing, and that she was served with the violation petition at the continued neglect hearing prior to the issuance of the court's findings of fact. We therefore conclude that, contrary to the mother's contention, the court did not violate her due process right to notice or her statutory rights pursuant to Family Court Act § 1041 (a) (*see generally Matter of Anita J.F.*, 267 AD2d 1044, *lv denied* 94 NY2d 762).

The mother further contends that the court lacked the authority under Family Court Act § 1072 to commit her to a jail term because the November 5, 2009 order was not an "order of supervision."  We agree with petitioner, however, that the mother's contention is moot inasmuch as the commitment portion of the order has expired by its own terms (*see generally Matter of Lomanto v Schneider*, 78 AD3d 1536, 1537; *Matter of Johnson v Boone*, 289 AD2d 938).  We therefore dismiss the mother's appeal from that part of the order.

Entered:  April 29, 2011                          Patricia L. Morgan
                                                  Clerk of the Court