Appeal from an order of the Family Court, Erie County (Debra L. Givens, A.J.), entered June 14, 2011 in a proceeding pursuant to Family Court Act article 4. The order, among other things, determined that respondent willfully violated a child support order.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: By order entered June 14, 2011, Family Court confirmed the determination of the Support Magistrate that respondent had willfully violated a prior child support order and directed that she be incarcerated if she did not pay certain arrears within two weeks. The court issued a further order, entered June 29, 2011, in which the court concluded that respondent had paid the arrears and imposed no further sanction. Respondent appeals from the latter order, but her sole contention, that the finding of a willful violation of the order is not supported by the evidence, concerns the order of June 14th. Although the appeal properly lies from the first order (see Matter of Dakin v Dakin, 75 AD3d 639, 639-640 [2010], lv dismissed 15 NY3d 905 [2010]; see generally Matter of Huard v Lugo, 81 AD3d 1265, 1266 [2011], lv denied 16 NY3d 710 [2011]), respondent’s notice of appeal recites that the appeal is taken from the second order. Nevertheless, in the absence of any prej *1489 udice, we deem the notice of appeal to be taken from the first order (see generally Matter of Leach v Santiago, 20 AD3d 715, 716 n 1 [2005], lv denied 6 NY3d 702 [2005], rearg denied 6 NY3d 844 [2006]), and we address her contention. We note in addition that the appeal is not moot merely because respondent paid the arrears and no further sanction was imposed. “[E]nduring consequences potentially flow from an order” determining that an individual willfully failed to obey a prior order (Matter of Bickwid v Deutsch, 87 NY2d 862, 863 [1995]). We conclude, however, that respondent’s contention lacks merit. “There is a presumption that a respondent has sufficient means to support his or her . . . minor children . . . , and the evidence that respondent failed to pay support as ordered constitutes ‘prima facie evidence of a willful violation’ ” (Matter of Christine L.M. v Wlodek K., 45 AD3d 1452, 1452 [2007], quoting Family Ct Act § 454 [3] [a]). Consequently, the evidence that respondent failed to pay support as set forth in the prior order to which she stipulated was sufficient to establish that she willfully violated that prior order, which shifted the burden to her to submit “some competent, credible evidence of [her] inability to make the required payments” (Matter of Powers v Powers, 86 NY2d 63, 70 [1995]; see Matter of Hunt u Hunt, 30 AD3d 1065, 1065 [2006]). Respondent failed to present evidence establishing that she made reasonable efforts to obtain gainful employment to meet her support obligation, and she thus failed to meet that burden (see Hunt, 30 AD3d at 1065; Matter of Fallon v Fallon, 286 AD2d 389 [2001]). Present — Smith, J.P., Fahey, Carni, Sconiers and Martoche, JJ.