# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1348**

**CAF 11-02135**

PRESENT: CENTRA, J.P., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

IN THE MATTER OF CATTARAUGUS COUNTY DEPARTMENT
OF SOCIAL SERVICES, ON BEHALF OF DAWN M.
LOVELESS, PETITIONER-RESPONDENT,

                V                         MEMORANDUM AND ORDER

JEFFERY M. GORE, RESPONDENT-APPELLANT.

---

EMILY A. VELLA, SPRINGVILLE, FOR RESPONDENT-APPELLANT.

STEPHEN D. MILLER, OLEAN, FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Cattaraugus County (Larry M. Himelein, J.), entered October 14, 2011 in a proceeding pursuant to Family Court Act article 4. The order, inter alia, sentenced respondent to four months in jail.

It is hereby ORDERED that said appeal from the order insofar as it concerns commitment to jail is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: Respondent appeals from an order confirming the determination of the Support Magistrate that respondent had willfully violated a prior child support order and that directed that he be incarcerated for a period of four months. We affirm the order with respect to the willful violation of the support order. "There is a presumption that a respondent has sufficient means to support his or her . . . minor children . . . , and the evidence that respondent failed to pay support as ordered constitutes 'prima facie evidence of a willful violation' " (*Matter of Christine L.M. v Wlodek K.*, 45 AD3d 1452, quoting Family Ct Act § 454 [3] [a]; *see Matter of Jelks v Wright*, 96 AD3d 1488, 1489). Here, petitioner met its burden of demonstrating that respondent willfully violated the prior order by submitting evidence that respondent failed to pay support pursuant to the order, and the burden therefore shifted to respondent to submit "some competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d 63, 70; *see Jelks*, 96 AD3d at 1489). Respondent failed to meet that burden inasmuch as he did not present evidence establishing that he made reasonable efforts to obtain gainful employment to fulfill his support obligation (*see Jelks*, 96 AD3d at 1489; *Matter of Hunt v Hunt*, 30 AD3d 1065, 1065).

Respondent's contention that a jail term was improperly imposed

is moot inasmuch as the commitment portion of the order has expired by its own terms (*see Matter of Alex A.C. [Maria A.P.]*, 83 AD3d 1537, 1538; *Matter of Lomanto v Schneider*, 78 AD3d 1536, 1537).  We therefore dismiss respondent's appeal from that part of the order (*see Alex A.C.*, 83 AD3d at 1538).