Memorandum: Respondent appeals from an order confirming the determination of the Support Magistrate that respondent had willfully violated a prior child support order and that directed that he be incarcerated for a period of four months. We affirm the order with respect to the willful violation of the support order. “There is a presumption that a respondent has suf *1740 ficient means to support his or her . . . minor children . . . , and the evidence that respondent failed to pay support as ordered constitutes "prima facie evidence of a willful violation’ ” (Matter of Christine L.M. v Wlodek K., 45 AD3d 1452 [2007], quoting Family Ct Act § 454 [3] [a]; see Matter of Jelks v Wright, 96 AD3d 1488, 1489 [2012]). Here, petitioner met its burden of demonstrating that respondent willfully violated the prior order by submitting evidence that respondent failed to pay support pursuant to the order, and the burden therefore shifted to respondent to submit "‘some competent, credible evidence of his inability to make the required payments” (Matter of Powers v Powers, 86 NY2d 63, 70 [1995]; see Jelks, 96 AD3d at 1489). Respondent failed to meet that burden inasmuch as he did not present evidence establishing that he made reasonable efforts to obtain gainful employment to fulfill his support obligation (see Jelks, 96 AD3d at 1489; Matter of Hunt v Hunt, 30 AD3d 1065, 1065 [2006]).
Respondent’s contention that a jail term was improperly imposed is moot inasmuch as the commitment portion of the order has expired by its own terms (see Matter of Alex A.C. [Maria A.P.], 83 AD3d 1537, 1538 [2011]; Matter of Lomanto v Schneider, 78 AD3d 1536, 1537 [2010]). We therefore dismiss respondent’s appeal from that part of the order (see Alex A.C., 83 AD3d at 1538). Present — Centra, J.P., Fahey, Sconiers, Valentino and Martoche, JJ.