# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**895**

**CAF 13-00930**

PRESENT: SMITH, J.P., FAHEY, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF VALERIE L. PITKA,
PETITIONER-RESPONDENT,

                V                        MEMORANDUM AND ORDER

STEWART PITKA, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR RESPONDENT-APPELLANT.

ELIZABETH A. SAMMONS, WILLIAMSON, FOR PETITIONER-RESPONDENT.

---

     Appeal from an order of the Family Court, Wayne County (Dennis M.
Kehoe, J.), entered July 17, 2012 in a proceeding pursuant to Family
Court Act article 4. The order denied the objections of respondent to
the order of the Support Magistrate.

     It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

     Memorandum: In appeal No. 1, respondent father contends that
Family Court erred in denying his objections to the order of the
Support Magistrate, which directed him to pay for his daughter's
support as if the parties did not have another child for whom the
father already paid 17% of his income in support. In appeal No. 2,
the father appeals from an order that modified a prior order to
require payment of a sum certain for daycare expenses instead of a
percentage of the total daycare costs, and determined that he owed
child support arrears in the amount of $10,236.33 and was in willful
violation of the support order.

     At the outset, we reject the father's contention with respect to
both appeals that the court lacked jurisdiction over the paternity and
support proceedings commenced by petitioner mother because the Support
Magistrate previously dismissed the paternity petition. Family Court
may exercise jurisdiction over a nonresident where that person submits
to the jurisdiction of New York "by consent, by entering a general
appearance, or by filing a responsive document having the effect of
waiving any contest to personal jurisdiction" (Family Ct Act § 580-201
[2]). Here, in response to the mother's paternity petition, the
father appeared before the court on September 6, 2011, and admitted
that he was the subject child's father. The father's voluntary
appearance through the course of this litigation clearly indicated

that he consented to New York's personal jurisdiction over him (*see Matter of Spak v Specht*, 216 AD2d 705, 707). Upon making a finding of paternity, the Support Magistrate then converted the mother's paternity petition to a petition for an order of support (*see* § 545).

We also reject the father's contention in appeal No. 1 that the Support Magistrate erred in failing to calculate his child support obligation based on 25% of his income. Here, the support dispute before the court concerned only one of the children. A court in the State of Virginia had previously granted the parties a divorce and, inter alia, directed the father to pay child support for the parties' other child. Later, when the father moved to the State of Alaska, the mother commenced this proceeding concerning the subject child, who was born after the divorce was finalized. Inasmuch as the Support Magistrate in this proceeding had no jurisdiction over the support issue decided by the Virginia court concerning the parties' other child, she properly used the presumptive percentage of 17% in calculating the father's child support obligation for the subject child (*see* Family Ct Act § 413 [1] [b] [3]) and, before determining his annual adjusted gross income, the Support Magistrate properly deducted the amount that the father was paying for the other child's support (*see* § 413 [1] [b] [5] [vii] [D]). Furthermore, the Support Magistrate properly complied with Family Court Act § 413 (1) (f) (10) and (1) (g) in finding that it would be unjust to order the father to pay $644.31 in support and in further reducing that amount based on the fact that the father was already paying support for another child.

The father contends in appeal No. 2 that the Family Court Act requires payments for daycare expenses as a percentage, and the Support Magistrate therefore erred in requiring him to pay a sum certain for such expenses. We reject that contention (*see* § 413 [c] [6]), and conclude that the Support Magistrate properly ordered the father to pay $155 for child care services through the support collection unit.

Contrary to the father's further contention in appeal No. 2, there was competent evidence presented at the hearing that he owed arrears in the amount of $10,236.33. We likewise reject the father's contention in appeal No. 2 that the Support Magistrate erred in determining that he was in willful violation of the support order. Evidence of a parent's failure to pay child support as ordered constitutes prima facie evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]) and, " '[o]nce a prima facie showing has been made, the burden shifts to the party that owes the support to offer some competent, credible evidence of his or her inability to make the required payments' " (*Matter of Rottman v Coull*, 112 AD3d 837, 839). The record establishes that, despite being asked to provide the Support Magistrate with full financial documentation, the father failed to do so. Similarly, there is no evidence in the record before this Court to support the father's contention that he was paying approximately 65% of his income in child support and could not afford to make the payments. The father failed to satisfy his burden of demonstrating that his failure to pay was not willful (*see Matter of*

*Huard v Lugo*, 81 AD3d 1265, 1267, *lv denied* 16 NY3d 710).