# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**55**
**CAF 14-02118**
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

IN THE MATTER OF MARK A. MANDILE,
PETITIONER-RESPONDENT,

                V                            MEMORANDUM AND ORDER

KATRINA V. DESHOTEL, RESPONDENT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR RESPONDENT-APPELLANT.

MAUREEN A. PINEAU, ROCHESTER, FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered October 29, 2014 in a proceeding pursuant to Family Court Act article 4.  The order, among other things, confirmed the Support Magistrate's determination that respondent willfully violated a court order and awarded petitioner a judgment in the sum of $4,129.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by reinstating respondent's objections to the Support Magistrate's denial of her cross petition, and as modified the order is affirmed without costs, and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum:  Respondent mother appeals from an order adjudging that she willfully violated a prior order of child support and denying her cross petition for downward modification of her child support obligation.  Contrary to respondent's contention, Family Court properly confirmed the finding of the Support Magistrate that she willfully violated the child support order.  "There is a presumption that a respondent has sufficient means to support his or her . . . minor children . . . , and the evidence that respondent failed to pay support as ordered constitutes 'prima facie evidence of a willful violation' " (*Matter of Christine L.M. v Wlodek K.*, 45 AD3d 1452, 1452, quoting Family Ct Act § 454 [3] [a]; *see Matter of Barksdale v Gore*, 101 AD3d 1742, 1742).  Here, it was undisputed that respondent failed to pay the amounts directed by the order, and the burden thus shifted to her to submit "some competent, credible evidence of [her] inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d 63, 70; *see Matter of Jelks v Wright*, 96 AD3d 1488, 1489).  Respondent failed to meet that burden.  Although respondent presented evidence of a medical condition disabling her from work, that evidence relates only to the period after the violation petition was filed, not to the two-month period in which

respondent failed to comply with the support order before the petition was filed.  Respondent thus "failed to demonstrate that [she] had made reasonable efforts to obtain gainful employment to meet [her] child support obligation" (*Matter of Seleznov v Pankratova*, 57 AD3d 679, 681).

We agree with respondent, however, that the court erred in failing to consider her objections to the Support Magistrate's denial of her cross petition for a downward modification of child support.  Upon receiving those objections and any rebuttal, the court was required to "(i) [remit] one or more issues of fact to the support magistrate, (ii) make, with or without a new hearing, his or her own findings of fact and order, or (iii) deny the objections" (Family Ct Act § 439 [e]).  Instead of reviewing the mother's objections, however, the court implicitly dismissed them when it stated on the record that, if the cross petition was denied by the Support Magistrate, the mother "will have to file another one."  We therefore modify the order by reinstating the mother's objections, and we remit the matter to Family Court to review respondent's objections to the Support Magistrate's denial of her cross petition in accordance with Family Court Act § 439 (e).

We have reviewed respondent's remaining contentions and conclude that they lack merit.

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court