■ In the Matter of KATRINA V. DESHOTEL, Appellant, v MARK A. MANDILE, Respondent. (Appeal No. 1.) [59 NYS3d 209]—

Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered June 30, 2015 in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's objection to orders issued by the Support Magistrate.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the objection in part and reinstating the cross petition of Katrina V. Deshotel for a downward modification of child support and as modified the order is affirmed without costs and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: Katrina V. Deshotel (mother), the petitioner in appeal No. 1 and the respondent in appeal No. 2, appeals from an order in appeal No. 1 that, inter alia, denied her objection to four separate orders issued by a support magistrate. In those four orders, the Support Magistrate denied the mother's motion for recusal, dismissed the violation petition of Mark A. Mandile (father), the respondent in appeal No. 1 and the petitioner in appeal No. 2, denied the mother's motion "to reduce or 'cap' arrears" and dismissed the mother's cross petition for a downward modification of child support.

In appeal No. 2, the mother appeals from an order, issued after a remittal from this Court (*Matter of Mandile v Deshotel*, 136 AD3d 1379 [2016]), that denied the mother's objections to the Support Magistrate's denial of her cross petition for a downward modification of child support. The cross petition in appeal No. 1 was filed while the prior appeal in appeal No. 2 was pending.

Addressing first appeal No. 2, we conclude that Family Court did not err in imputing income to the mother in denying her objections to the denial of her cross petition for a downward modification of child support. "A court need not rely upon a party's own account of his or her finances, but may impute

income based upon the party's past income or demonstrated future potential earnings . . . The court may impute income to a party based on his or her employment history, future earning capacity, educational background, or money received from friends and relatives . . . [In addition, a court] may properly impute income in calculating a support obligation where [it] finds that a party's account of his or her finances is not credible or is suspect" (*Matter of Rohme v Burns*, 92 AD3d 946, 947 [2012]). In our view, the record supports the determination that the mother "has access to, and receives, financial support from" her paramour, with whom she resides (*id.*; *see Matter of Collins v Collins*, 241 AD2d 725, 727 [1997], *appeal dismissed and lv denied* 91 NY2d 829 [1997]).

Contrary to the mother's contention in appeal Nos. 1 and 2, the court did not err in failing to impute income to the father when addressing the mother's initial burden on her cross petitions for a downward modification of child support. It is well settled that "[a] party seeking a downward modification of his or her child support obligation must establish a substantial change in circumstances" (*Matter of Gray v Gray*, 52 AD3d 1287, 1288 [2008], *lv denied* 11 NY3d 706 [2008]). In the mother's cross petitions, the mother alleged that the change in circumstances was a reduction in her income level. Thus, the father's income or imputed income would have become relevant only if the mother met her initial burden of establishing a reduction in her income. "The Support Magistrate was not bound by the account provided by [the mother] of [her] own finances . . . [, and] was therefore entitled to impute income to [the mother] from [support provided by her paramour]" in determining whether the mother had established a substantial change in circumstances (*Matter of Todd R.W. v Gail A.W.*, 38 AD3d 1181, 1182 [2007]; *see* Family Ct Act § 413 [1] [b] [5] [iv] [D]).

We reject the mother's contention in appeal No. 1 that the Support Magistrate was biased and had prejudged her cross petition. " 'Absent a legal disqualification under Judiciary Law § 14, which is not at issue here, [the Support Magistrate] is the sole arbiter of recusal, and his or her decision, which lies within the personal conscience of the [Support Magistrate], will not be disturbed absent an abuse of discretion' " (*Matter of Barney v Van Auken*, 97 AD3d 959, 960 [2012], *lv denied* 20 NY3d 856 [2013], *rearg denied* 20 NY3d 1083 [2013]). Here, we perceive no such abuse of discretion. To the extent that the mother contends that the Support Magistrate improperly assisted the father in examination of the mother, that contention is not

preserved for our review (*see Matter of Reinhardt v Hardison*, 122 AD3d 1448, 1448-1449 [2014]), and the record does not establish that the Support Magistrate crossed the line between judge and advocate (*see generally Matter of Cadle v Hill*, 23 AD3d 652, 653 [2005]).

We conclude in appeal No. 1, however, that the Support Magistrate erred in dismissing the mother's cross petition for a downward modification of child support. The sole justification for that dismissal was the mother's failure to provide financial disclosure from her paramour, a nonparty, who had filed an affidavit stating that he refused to provide financial disclosure to the court. "While certain penalties or sanctions may be appropriate for the individual conduct of [the mother] . . . , it is apparent that the actions of a nonparty weighed heavily in the decision to invoke the 'ultimate penalty' " (*Fox v Fox*, 9 AD3d 549, 550 [2004]). Under the circumstances of this case, we conclude that the court erred in dismissing the cross petition based on a nonparty's refusal to disclose financial information voluntarily (*see id.; see also Matter of Anthony S. v Monique T.B.*, 148 AD3d 596, 597 [2017]). We therefore modify the order in appeal No. 1 by granting the mother's objection in part and reinstating the mother's cross petition for a downward modification of child support, and we remit the matter to Family Court for a new hearing on the cross petition. Present—Whalen, P.J., Centra, Lindley, Troutman and Scudder, JJ.