Matter of Mandile v Deshotel (2018 NY Slip Op 07571)





Matter of Mandile v Deshotel


2018 NY Slip Op 07571


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


1058 CAF 16-02214

[*1]IN THE MATTER OF MARK A. MANDILE, PETITIONER-RESPONDENT,
v
KATRINA . DESHOTEL, RESPONDENT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR RESPONDENT-APPELLANT.


 Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered November 3, 2016 in a proceeding pursuant to Family Court Act article 4. The order, among other things, confirmed an order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order that, inter alia, confirmed the determination of the Support Magistrate that she willfully violated a prior child support order and awarded petitioner father a judgment for child support arrears. Contrary to the mother's contention, Family Court properly confirmed the finding of the Support Magistrate that she willfully violated the support order. "The [mother] is presumed to have sufficient means to support [her] child (see Family Ct Act § 437), and [her] failure to pay support constitutes prima facie evidence of a willful violation' " (Matter of Huard v Lugo, 81 AD3d 1265, 1267 [4th Dept 2011], lv denied 16 NY3d 710 [2011], quoting § 454 [3] [a]; see Matter of Barksdale v Gore, 101 AD3d 1742, 1742 [4th Dept 2012]). "Thus, proof that [a] respondent has failed to pay support as ordered alone establishes [a] petitioner's direct case of willful violation, shifting to [the] respondent the burden of going forward" (Matter of Powers v Powers, 86 NY2d 63, 69 [1995]).
Here, it is undisputed that the mother failed to pay the amounts directed by the support order, and the burden thus shifted to her to submit "some competent, credible evidence of [her] inability to make the required payments" (id. at 70; see Barksdale, 101 AD3d at 1742-1743). The mother failed to meet that burden. Although the mother presented some evidence of medical conditions that allegedly disabled her from work, her medical records indicate that the diagnoses related to those conditions were "based solely on [the mother's] subjective complaints, rather than any objective testing" (Matter of Straight v Skinner, 33 AD3d 1175, 1176 [3d Dept 2006]; see Matter of St. Lawrence County Support Collection Unit v Laneuville, 101 AD3d 1199, 1200 [3d Dept 2012]).
Moreover, the Support Magistrate noted that the mother did not seek treatment for her alleged conditions until shortly after the father filed his first violation petition and that she had testified several years earlier that she did not intend to work because she could be fully supported by her paramour. According deference to the Support Magistrate's credibility assessments (see Matter of Yamonaco v Fey, 91 AD3d 1322, 1323 [4th Dept 2012], lv denied 19 NY3d 803 [2012]), we find no reason to disturb his determination that the mother failed to demonstrate her inability to comply with the child support order.
We reject the mother's further contention that the court erred in refusing to cap her unpaid child support arrears at $500. It is true that "[w]here the sole source of a noncustodial parent's income is public assistance, unpaid child support arrears in excess of five hundred [*2]dollars shall not accrue' " (Matter of Edwards v Johnson, 233 AD2d 884, 885 [4th Dept 1996], quoting Family Ct Act § 413 [1] [g]). As noted above, although the mother received public assistance and did not maintain employment, circumstantial evidence suggested that she "ha[d] access to, and receive[d], financial support from [her live-in paramour]" (Matter of Rohme v Burns, 92 AD3d 946, 947 [2d Dept 2012]; see Matter of Deshotel v Mandile, 151 AD3d 1811, 1812 [4th Dept 2017]). Inasmuch as " [a] court need not rely upon a party's own account of his or her finances, but may impute income . . . to a party based on . . . money received from friends and relatives' " (Deshotel, 151 AD3d at 1811-1812), we conclude that the court did not err in denying the mother's motion to cap her arrears at $500 (cf. Edwards, 233 AD2d at 885). We have considered the mother's remaining contention and conclude that it is without merit.
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court