Matter of Jordan v Reed (2019 NY Slip Op 06301)





Matter of Jordan v Reed


2019 NY Slip Op 06301


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


606 CAF 18-00372

[*1]IN THE MATTER OF SHEILA ANN JORDAN, PETITIONER-RESPONDENT,
v
CHRISTOPHER D. REED, RESPONDENT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT-APPELLANT.


 Appeal from an order of the Family Court, Cayuga County (Thomas G. Leone, J.), entered January 26, 2018 in a proceeding pursuant to Family Court Act article 4. The order, among other things, committed respondent to jail for a term of six months upon a determination that respondent willfully violated a prior order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent father appeals from an order committing him to jail for six months upon a determination that he willfully violated a prior order to pay child support. We affirm.
Initially, we agree with the father that, although he has completed serving the term of six months in jail, the appeal is not moot because of the "enduring consequences [that] potentially flow from an order adjudicating a party in civil contempt" (Matter of Bickwid v Deutsch, 87 NY2d 862, 863 [1995]; see Matter of Jasco v Alvira, 107 AD3d 1460, 1460 [4th Dept 2013]; cf. Matter of McGrath v Healey, 158 AD3d 1069, 1069-1070 [4th Dept 2018]).
We reject the father's contention that Family Court erred in determining that he willfully failed to comply with the order of support. The "failure to pay support, as ordered, shall constitute prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]; see Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Mandile v Deshotel, 136 AD3d 1379, 1379-1380 [4th Dept 2016]), shifting to the father the burden to "offer some competent, credible evidence of his inability to make the required payments" (Powers, 86 NY2d at 69-70; see Mandile, 136 AD3d at 1380). The father's contention that he failed to make the child support payments because he was not financially able to do so is raised for the first time on appeal and thus is not preserved for appellate review (see generally Matter of Commissioner of Social Servs. v Turner, 99 AD3d 1244, 1245 [4th Dept 2012]). In any event, that contention is belied by the father's representations to the court and the Support Magistrate, including that he had "just made a payment today . . . across the street," that he had just "mailed . . . in" a payment, and that he was employed and could pay $150 "today." The father also told the court and Support Magistrate, inter alia, that he was working "under the table" fixing houses and cutting lawns, that he made a support payment of $25 and would make another payment of $25 on the following Monday, that he was working and had "just made a payment" of $50, and that he had $100 "on [him] right now." Thus, the court did not err in determining that the "father failed to satisfy his burden of demonstrating that his failure to pay was not willful" (Matter of Pitka v Pitka, 121 AD3d 1521, 1523 [4th Dept 2014]; see Matter of Grill v Genitrini, 168 AD3d 731, 732-733 [2d Dept 2019]; Matter of Brooks v Brooks, 163 AD3d 554, 556 [2d Dept 2018]).
The father's further contention that the Support Magistrate miscalculated the amount of support that he owed is "improperly raised for the first time on appeal" (Matter of Davis v [*2]Williams, 133 AD3d 1354, 1355 [4th Dept 2015]; see Matter of Kasprowicz v Osgood, 101 AD3d 1760, 1761 [4th Dept 2012], lv denied 20 NY3d 863 [2013]; Turner, 99 AD3d at 1245).
Finally, we have considered the father's remaining contention and conclude that it is without merit.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court