Matter of Steuben County Support Collection Unit v Cregan (2019 NY Slip Op 08325)





Matter of Steuben County Support Collection Unit v Cregan


2019 NY Slip Op 08325


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, CURRAN, AND WINSLOW, JJ.


1100 CAF 18-01884

[*1]IN THE MATTER OF STEUBEN COUNTY SUPPORT COLLECTION UNIT, STEUBEN COUNTY DEPARTMENT OF SOCIAL SERVICES, ON BEHALF OF LUCY DIAZ, PETITIONER-RESPONDENT,
v
JOHN S. CREGAN, RESPONDENT-APPELLANT. 






ROSEMARIE RICHARDS, GILBERTSVILLE, FOR RESPONDENT-APPELLANT.
AMY C. KELLER, BATH, FOR PETITIONER-RESPONDENT.


 Appeal from an order of the Family Court, Steuben County (Patrick F. McAllister, A.J.), entered October 3, 2018 in a proceeding pursuant to Family Court Act article 4. The order, among other things, confirmed a determination of the Support Magistrate that respondent had willfully violated an order of the court and committed respondent to the Steuben County Jail for a period of four months. 
It is hereby ORDERED that said appeal from the order insofar as it concerns commitment to jail is unanimously dismissed and the order is affirmed without costs.
Memorandum: Respondent appeals from an order, inter alia, confirming the determination of the Support Magistrate that he willfully violated an order of child support and committing him to jail for a period of four months. Contrary to respondent's contention, his undisputed failure to comply with the order of child support constituted prima facie evidence of a willful violation of that order (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Leslie v Rodriguez, 303 AD2d 1016, 1016 [4th Dept 2003]), and the burden therefore shifted to him to rebut that prima facie showing of willfulness (see Powers, 86 NY2d at 69). Respondent failed to meet that burden. At the hearing, respondent testified that he was not actively seeking the type of employment that would enable him to comply with the child support order. The ability to pay child support includes the ability to find employment, and respondent failed to show that he made a reasonable effort to find gainful employment (see Leslie, 303 AD2d at 1017; Matter of Fallon v Fallon, 286 AD2d 389, 389 [2d Dept 2001]).
Finally, respondent's contention that a jail term was improperly imposed is moot because that part of the order with regard to the commitment has expired by its own terms (see Matter of Alex A.C. [Maria A.P.], 83 AD3d 1537, 1538 [4th Dept 2011]; see generally Matter of Johnson v Boone, 289 AD2d 938, 938 [4th Dept 2001]). We therefore dismiss respondent's appeal from that part of the order (see Alex A.C., 83 AD3d at 1538).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court