Matter of Movsovich v Wood (2019 NY Slip Op 09185)





Matter of Movsovich v Wood


2019 NY Slip Op 09185


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1180 CAF 18-02173

[*1]IN THE MATTER OF RACHEL A. MOVSOVICH, PETITIONER-RESPONDENT,
v
JONATHAN H. WOOD, RESPONDENT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR RESPONDENT-APPELLANT.


 Appeal from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered January 22, 2019 in a proceeding pursuant to Family Court Act article 4. The order, inter alia, confirmed the order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent appeals from a decision that, inter alia, denied his objections to the order of the Support Magistrate determining that he willfully violated a prior order of child support, fixing the amount of his child support arrears, and recommending that he be placed on probation. Initially, we note that "[n]o appeal lies from a mere decision" (Kuhn v Kuhn, 129 AD2d 967, 967 [4th Dept 1987]; see CPLR 5512 [a]). Nevertheless, in the absence of any prejudice, we exercise our discretion to treat the notice of appeal as valid and deem the appeal as taken from the order entered upon that decision (see CPLR 5520 [c]; Matter of Crystiana M. [Crystal M.-Pamela J.], 129 AD3d 1536, 1537 [4th Dept 2015]; Matter of Kessler v Fancher, 112 AD3d 1323, 1323 [4th Dept 2013]).
Contrary to respondent's contention, Family Court did not err in denying his objections to the Support Magistrate's determination that he willfully violated the prior child support order. It is well settled that "[t]here is a presumption that a respondent has sufficient means to support his or her . . . minor children . . . , and . . . evidence that [a] respondent failed to pay support as ordered constitutes prima facie evidence of a willful violation' " (Matter of Christine L.M. v Wlodek K., 45 AD3d 1452, 1452 [4th Dept 2007], quoting Family Ct Act § 454 [3] [a]; see Matter of Wayne County Dept. of Social Servs. v Loren, 159 AD3d 1504, 1504-1505 [4th Dept 2018]; Matter of Barksdale v Gore, 101 AD3d 1742, 1742 [4th Dept 2012]). Here, petitioner established that respondent failed to pay the amount directed by the prior order, and the burden thus shifted to respondent to submit "some competent, credible evidence of his inability to make the required payments" (Matter of Powers v Powers, 86 NY2d 63, 70 [1995]; see Matter of Jelks v Wright, 96 AD3d 1488, 1489 [4th Dept 2012]). Respondent failed to meet that burden inasmuch as he failed to present evidence establishing that he made reasonable efforts to obtain gainful employment to meet his support obligation (see Matter of Roshia v Thiel, 110 AD3d 1490, 1492 [4th Dept 2013], lv dismissed in part and denied in part 22 NY3d 1037 [2013]; Matter of Hunt v Hunt, 30 AD3d 1065, 1065 [4th Dept 2006]). He also failed to offer competent medical evidence in support of his contention that his alleged medical condition prevented him from maintaining employment (see Matter of Hwang v Tam, 158 AD3d 1216, 1217 [4th Dept 2018]; Matter of Commissioner of Cattaraugus County Dept. of Social Servs. v Jordan, 100 AD3d 1466, 1467 [4th Dept 2012]).
We have considered respondent's remaining contentions and conclude that none requires modification or reversal of the order.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court