Matter of Houck v Houck (2023 NY Slip Op 03624)

Matter of Houck v Houck

2023 NY Slip Op 03624

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

453 CAF 22-01918

[*1]IN THE MATTER OF MICHAEL E. HOUCK, PETITIONER-APPELLANT,
v
VALERIE R. HOUCK, RESPONDENT-RESPONDENT. 

PETER J. DIGIORGIO, JR., UTICA, FOR PETITIONER-APPELLANT. 
VALERIE R. HOUCK, RESPONDENT-RESPONDENT PRO SE. 

 Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered October 17, 2022, in proceedings pursuant to Family Court Act article 4. The order denied petitioner's objections to an order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner father commenced these Family Court Act article 4 proceedings seeking to modify a prior order of child support by terminating his support obligation with respect to the parties' three children, and seeking an order directing respondent mother to pay child support to him. Following a hearing, the Support Magistrate, inter alia, modified but did not terminate the father's child support obligation under the prior order and dismissed the father's petition seeking support. The father now appeals from an order in which Family Court, inter alia, denied his objections to the order of the Support Magistrate. We affirm.
The father contends that the Support Magistrate erred in imputing income to him for child support purposes based upon money he received from the federal Paycheck Protection Program (PPP) in 2021. We reject that contention. A support magistrate "possess[es] considerable discretion to impute income in fashioning a child support award . . . [, and such an] imputation of income will not be disturbed [where, as here,] there is record support for [it]" (Matter of Muok v Muok, 138 AD3d 1458, 1459 [4th Dept 2016] [internal quotation marks omitted]; see Matter of Rapp v Horbett, 174 AD3d 1315, 1317-1318 [4th Dept 2019]). A support magistrate "may impute income based on a party's employment history, future earning capacity, educational background, or money received from friends and relatives" (Matter of Drake v Drake, 185 AD3d 1382, 1383 [4th Dept 2020], lv denied 36 NY3d 909 [2021]).
Here, the record establishes that the father's business suffered a temporary downturn due to the COVID-19 pandemic and that the PPP monies brought his income for 2021 back up to an amount that was generally consistent with what it had been prior to the pandemic. Inasmuch as "child support is determined by the parents' ability to provide for their child[ren] rather than their current economic situation" (id. [internal quotation marks omitted]; see Matter of Bashir v Brunner, 169 AD3d 1382, 1383 [4th Dept 2019]), we conclude that the Support Magistrate properly considered the PPP monies in imputing income to the father.
Contrary to the father's further contention, the Support Magistrate did not abuse his discretion in not imputing income to the mother and instead using her actual earnings in calculating child support inasmuch as "courts may decline to impute income when a parent has a voluntary reduction in income and a legitimate and reasonable basis for such a reduction" (Matter of Montgomery v List, 173 AD3d 1657, 1658 [4th Dept 2019]; see Matter of Parmenter v Nash, 166 AD3d 1475, 1476 [4th Dept 2018], lv dismissed 33 NY3d 996 [2019]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court