Matter of Fallin v Haruna (2024 NY Slip Op 03974)

Matter of Fallin v Haruna

2024 NY Slip Op 03974

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, DELCONTE, KEANE, AND HANNAH, JJ.

453 CAF 23-01600

[*1]IN THE MATTER OF MINDY M. FALLIN, PETITIONER-RESPONDENT,
v
FAISEL A. HARUNA, RESPONDENT-APPELLANT. 

ROSCETTI & DECASTRO, P.C., NIAGARA FALLS (CAMILLE S. BROWN OF COUNSEL), FOR RESPONDENT-APPELLANT.

 Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered March 1, 2023, in a proceeding pursuant to Family Court Act article 4. The order denied respondent's objections to an order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 4, respondent father appeals from an order denying his objections to the order of the Support Magistrate, which directed the father to pay petitioner mother child support in the amount of $1,737 per month. On appeal, the father contends that the Support Magistrate erred in imputing income to him in the amount of $100,000 for the purpose of determining his child support obligation. We affirm.
Courts have " 'considerable discretion' " to impute income to a parent in fashioning a child support award, and "a court's imputation of income will not be disturbed so long as there is record support for its determination" (Lauzonis v Lauzonis, 105 AD3d 1351, 1351 [4th Dept 2013]; see Matter of Muok v Muok, 138 AD3d 1458, 1459 [4th Dept 2016]). "[T]he general rule is that child support is determined by the parents' ability to provide for their child rather than their current economic situation" (Irene v Irene [appeal No. 2], 41 AD3d 1179, 1180 [4th Dept 2007] [internal quotation marks omitted]; see Matter of Bashir v Brunner, 169 AD3d 1382, 1383 [4th Dept 2019]). "[I]n determining a party's child support obligation, a court need not rely upon the party's own account of his or her finances, but may impute income based upon the party's past income or demonstrated earning potential" (Belkhir v Amrane-Belkhir, 118 AD3d 1396, 1397 [4th Dept 2014] [internal quotation marks omitted]). Courts may impute income based on a party's employment history, future earning capacity, educational background, or money received from friends and relatives (see Matter of Drake v Drake, 185 AD3d 1382, 1383 [4th Dept 2020], lv denied 36 NY3d 909 [2021]; Matter of Deshotel v Mandile, 151 AD3d 1811, 1812 [4th Dept 2017]; Matter of Rohme v Burns, 92 AD3d 946, 947 [2d Dept 2012]). Further, "where a party's account [of his or her own finances] is not believable, the court is justified in finding a true or potential income higher than that claimed" (Elsayed v Edrees, 141 AD3d 503, 505 [2d Dept 2016], lv denied 28 NY3d 908 [2016] [internal quotation marks omitted]; see Sharlow v Sharlow, 77 AD3d 1430, 1431 [4th Dept 2010]).
We conclude that the court's determination to impute $100,000 income to the father is supported by the evidence in the record, including evidence of the amounts that the father paid for household expenses, private school tuition, the mother's use of a vehicle, and miscellaneous child care expenses, as well as evidence of his access to financial support from his family (see Matter of Houck v Houck, 217 AD3d 1556, 1557 [4th Dept 2023], lv denied 40 NY3d 906 [2023]; Matter of Remsen v Remsen, 198 AD3d 658, 660 [2d Dept 2021]; Rohme, 92 AD3d at 947).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court