Matter of Kaye v Hall (2024 NY Slip Op 04875)

Matter of Kaye v Hall

2024 NY Slip Op 04875

Decided on October 4, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, AND HANNAH, JJ.

643 CAF 23-01979

[*1]IN THE MATTER OF BENJAMIN C. KAYE, PETITIONER-APPELLANT,
v
KAREN C. HALL, RESPONDENT-RESPONDENT. 

BENJAMIN C. KAYE, PETITIONER-APPELLANT PRO SE. 
KAREN C. HALL, RESPONDENT-RESPONDENT PRO SE. 

 Appeal from an order of the Family Court, Oswego County (Karen M. Brandt Brown, A.J.), entered May 9, 2023, in a proceeding pursuant to Family Court Act article 4. The order, insofar as appealed from, dismissed the objections of petitioner to an order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 4, petitioner father appeals from an order that, inter alia, denied his written objections to the order of the Support Magistrate, which effectively granted in part the father's petition seeking modification of the parties' judgment of divorce by reducing the father's weekly child support payment but imputed income to the father in determining those payments. We affirm.
As relevant, the father objected to the Support Magistrate's determination to impute income to him because the Veterans Administration determined that he is "totally and permanently disabled" and because there was no evidence that any of his businesses had been successful prior to their sale. We reject the father's contention that Family Court erred in denying that objection.
It is well settled that " '[c]ourts have considerable discretion to . . . impute an annual income to a parent' " (Lauzonis v Lauzonis, 105 AD3d 1351, 1351 [4th Dept 2013]; see Matter of Drake v Drake, 185 AD3d 1382, 1383 [4th Dept 2020], lv denied 36 NY3d 909 [2021]). Furthermore, "[c]hild support is determined by the parents' ability to provide for their child rather than their current economic situation" (Irene v Irene [appeal No. 2], 41 AD3d 1179, 1180 [4th Dept 2007] [internal quotation marks omitted]; see Matter of Bashir v Brunner, 169 AD3d 1382, 1383 [4th Dept 2019]), and "a court's imputation of income will not be disturbed so long as there is record support for its determination" (Drake, 185 AD3d at 1383 [internal quotation marks omitted]).
In determining a party's child support obligation, "[a] court need not rely upon a party's own account of [their] finances, but may impute income based upon the party's past income or demonstrated future potential earnings . . . The court may impute income to a party based on [their] employment history, future earning capacity, educational background, or money received from friends and relatives . . . [In addition, a court] may properly impute income in calculating a support obligation where [it] finds that a party's account of [their] finances is not credible or is suspect" (Matter of Deshotel v Mandile, 151 AD3d 1811, 1811-1812 [4th Dept 2017] [internal quotation marks omitted]; see Matter of Rohme v Burns, 92 AD3d 946, 947 [2d Dept 2012]).
Here, the Support Magistrate did not abuse her discretion by imputing income to the [*2]father, who had been unemployed since 2017 despite having a bachelor's degree in mechanical engineering. Although the father had been deemed disabled by the Veterans Administration, that determination was based solely upon the father's self-reporting. Indeed, the Veterans Administration records note that "there is no official record of such incurrence or aggravation" of post-traumatic stress disorder in the father's service treatment records. In addition, the evidence before the Support Magistrate revealed that the father had twice applied for social security benefits based upon his disability and had been denied, most recently in 2021. Thus, despite the father's contention that he is unable to work due to a disability, his testimony was not substantiated or corroborated by any medical evidence, and "[t]he Support Magistrate was not obliged to accept the father's unsupported testimony that a medical condition prevented him from working" (Matter of Niagara County Dept. of Social Servs. v Hueber, 89 AD3d 1433, 1434 [4th Dept 2011], lv denied 18 NY3d 805 [2012] [internal quotation marks omitted]; see Drake, 185 AD3d at 1384).
We have considered the father's remaining contentions and conclude that none warrants reversal or modification of the order.
Entered: October 4, 2024
Ann Dillon Flynn
Clerk of the Court